# Holly *v.* Pruitt.

*Bill in Equity by Purchaser, for Conveyance of Legal Title.*

1. *Parol evidence ; when admissible to vary or aid writing.*—As between the parties to a valid written instrument, and their privies, parol evidence can not be received to contradict or vary its terms; but strangers are not estopped from contradicting it, and parol evidence is competent to identify the subject-matter to which it relates.

2. *Same.*—A tract of land being described in the receipt for the purchase-money, which also obligated the vendor to make titles, as " *the Davis Centerfit plantation,*" without other identifying words, or words designating its boundaries or number of acres, extrinsic evidence is admissible to show that the vendor did not claim, and was not in possession of a particular portion of the tract, which had been assigned as dower to the widow of the said Davis Centerfit.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 8th April, 1879, by Mrs. Emma Holly, against McCormick Pruitt and the heirs at law of W. D. Centerfit and F. A. Centerfit, both deceased ; and sought to obtain a conveyance of the legal title to a tract of land, which the complainant's deceased husband, Henry Holly, had bought from said F. A. Centerfit, who bought at a sale made by John A. Tyson, as administrator of the estate of said W. D. Centerfit, under an order of the Probate Court. The entire tract sold, as the complainant claimed, contained one hundred and sixty acres; and she was in possession of all but about forty-five acres, which had been assigned to the widow of said W. D. Centerfit, prior to the sale by the administrator, as her dower in her husband's estate. At the time of the sale by the administrator, the widow was in possession of this tract of forty-five acres, and she afterwards sold it to the defendant Pruitt, who was in possession when the bill was filed ; and the bill sought to recover the possession of this tract, and to have an account of the rents during Pruitt's possession, after the death of the widow. The material question in the case was, whether or not this tract of forty-five acres was included in the sale made by the administrator, and in the subsequent sale made by F. A. Centerfit to Holly. The complainant claimed the land as the heir at law of an only daughter, who died after her father, said Henry Holly.

The tract of forty-five acres was a part of the south-west quarter of section 36, township 13, range 14, and the whole of

said quarter-section was included, with other lands, in the order of sale ; but the advertisement of the sale, as copied in an agreement of record signed by the counsel of both parties, described the lands thus : "The plantation belonging to the estate of W. D. Centerfit, deceased, situated in Lowndes county, and containing about one hundred and twenty acres." F. A. Centerfit became the purchaser at the administrator's sale, at the price of $3.30 per acre. The administrator reported the sale to the court, and it was confirmed, and the administrator was ordered to execute a conveyance to said F. A. Centerfit as the purchaser; but he died before any conveyance was executed to him. Afterwards, on the 10th February, 1868, the administrator filed a petition in said Probate Court, which, after stating the sale, its confirmation, the order to make title to said F. A. Centerfit, and his death, proceeded thus : "But said F. A. Centerfit, on his death-bed, sold said land to Henry Holly, as your petitioner is informed and believes, and said Holly had fully satisfied him before his death ; and your petitioner, as administrator, respectfully asks a change in the former order of the court, authorizing him to execute the deed to said Henry Holly." This petition was granted, and the administrator was ordered to execute a conveyance of the lands to said Holly ; but Holly died on the 10th February, 1869, never having received a conveyance, and the insolvent estate of said W. D. Centerfit was finally settled and distributed on the 8th March, 1869.

An answer to the bill was filed by Pruitt, denying that the tract of forty-five acres was included in the sale by the administrator, or in the subsequent sale by F. A. Centerfit to Holly ; and asserting title to said forty-five acres by purchase from the heirs of said W. D. Centerfit, to whom the widow had surrendered her dower interest. An answer was also filed by S. P. Centerfit, one of the heirs, neither admitting nor denying the allegations of the bill, but requiring proof of the same so far as material ; and decrees *pro confesso* were taken against the other heirs. John A. Tyson, whose deposition was taken by the defendant Pruitt, testified, in substance, that he did not recollect how much land was sold by him at said administrator's sale, " but his impression is that the dower interest of the widow was never sold ; " that he did not recollect the price per acre at which the land was sold, but the aggregate amount paid, as shown by his memorandum book, was $379.50 ; and that F. A. Centerfit, who was the purchaser at the sale, afterwards told him that he had only bought one hundred and fifteen acres at the sale, and had only sold that quantity to Holly. James Duncan and Perry Reese, whose depositions were also taken by said Pruitt, both testified that, at the time of the sale by

Tyson as administrator, the widow was in possession of the forty-five acres previously allotted to her as dower ; and that Holly, after his purchase, never asserted any claim to this part of the land, but only claimed about one hundred and sixteen acres. Several objections were duly made by the complainant to portions of the testimony of each of these witnesses, as being irrelevant, and because it tended to vary and contradict the record and written evidence of the administrator's sale ; but it is not necessary to state these objections at length. The deposition of Pruitt himself was also taken in his own behalf, in which he stated that he claimed the land under a purchase at a tax-sale, but said nothing about his purchase from the heirs of W. D. Centerfit. If any testimony was taken by the complainant, the present record does not show it ; but the note of the testimony, on which the cause was submitted, is omitted from the record by consent.

The cause being submitted for final decree, on the pleadings and proof, the chancellor held the complainant entitled to relief, and ordered a conveyance of the forty-five acres to be executed to her by the register, the possession to be surrendered to her by said Pruitt, and an account of the rents to be taken ; and in his opinion accompanying the decree, without passing on the objections to testimony, he said : " It can not be held that the parol testimony in the cause, if admissible, is sufficient to overturn the orders, advertisement, and sworn returns of sale by the administrator." On appeal to this court, by Pruitt, at the December term, 1882, this decree was reversed, and the cause remanded, as shown by the report of the case (73 Ala. 369), on the ground that the complainant had failed to prove the purchase by her deceased husband, and his payment of the purchase-money.

After the remandment of the cause, the complainant produced F. A. Centerfit's receipt for the purchase-money paid by Holly, which was dated November 10th, 1868, attested by two witnesses, and in these words : " Received of Henry Holly seven bales of cotton, weighing 3,500 lbs., amount due me for purchase of my plantation known as the *Davis Centerfit plantation* ; and have this day received full payment for said tract of land, and have by these presents obligated myself to give deed and all needed titles to said land on demand." For the purpose of proving the execution of this writing, the complainant took the depositions of said S. P. Centerfit and J. G. Centerfit, who were defendants to the bill, and brothers of said F. A. Centerfit, deceased ; and both of them testified to the death of one of the subscribing witnesses to the receipt, the residence of the other in Texas, and the handwriting of said witnesses and of said F. A. Centerfit. In answer to cross-inter-

rogatories by Pruitt, said S. P. Centerfit stated : " I was not present at the sale of said land in 1868. The widow was in possession of her dower interest in said lands, which had been set apart to her. Her dower interest was not sold, and F. A. Fletcher (?) never bought it. He sold Holly the 115 or 120 acres left after the dower had been set apart. The whole tract consisted of 160 acres, and the dower was, I think, about 45 acres. Holly claimed only what was left after dower was assigned." J. G. Centerfit also testified, in answer to cross-interrogatories : " I was not present at the sale. The widow was in possession of part of the place, as her dower. I don't think Holly ever claimed that portion of the land which was set aside to the widow as her dower. I never heard him say any thing about purchasing, or trying to purchase the dower lands." The complainant filed objections to the cross-interrogatories, on the ground that they called for illegal and irrelevant testimony ; but the record does not show that the chancellor acted on them.

The cause being again submitted for decree, on pleadings and proof, the chancellor dismissed the bill, but did not file any written opinion ; and his decree is now assigned as error.

G. Cook, for appellant.—On the first hearing of this cause, all the material questions were decided in favor of the complainant ; and the chancellor's conclusions were all affirmed by this court on appeal, except on a single point ; and the decree was reversed, and the cause remanded, only because there was no legal proof of the payment of the purchase-money by Holly. *Pruitt v. Holly*, 73 Ala. 369. As to the matters thus adjudicated, the former decree is conclusive.—*Lyon v. Foscue*, 60 Ala. 480 ; *Marlow v. Benagh*, 60 Ala. 327. After the remandment of the cause, the complainant produced and proved the receipt for the purchase-money paid by Holly, and no question can be raised as to the sufficiency of that proof ; yet the chancellor, without giving any reasons for his change of opinion, reversed his former decree, and dismissed the complainant's bill. This second decree can not be founded on the additional evidence adduced by Pruitt, which consisted only of parol testimony as to matters shown by record or written evidence ; and if this evidence be admissible, it adds nothing to the weight of the former evidence, which the chancellor himself had held wholly insufficient. But the parol evidence, it is insisted, was inadmissible, and the complainant's objections to it ought to have been sustained.—1 Greenl. Ev. §§ 275-8, 290, 295, 522-5, 96 ; 1 Best Ev. §§ 218, 223 ; *Winston v. Browning*, 61 Ala. 80 ; *Frederick v. Youngblood*, 19 Ala. 680 ; *Phillips v. Costley*, 40 Ala. 488 ; *Lee v. Shivers*, 70 Ala. 288 ; 1 Add. Contr. 364, § 242. All of the defendants in this case were either parties

22

[Holly v. Pruitt.]

or privies to the proceedings had in the Probate Court, and they are concluded by the recitals of the record.— *Waring v. Lewis*, 53 Ala. 615 ; *Lowe v. Guice*, 69 Ala. 80 ; 1 Stark. Ev. 252 ; 1 Greenl. Ev. §§ 522-25 ; Co. Litt. 103 *a*.

W. R. HOUGHTON, *contra*.—The bill is in the nature of a bill for specific performance, and relief will not be granted unless the complainant's case is clearly made out.—*Daniel v. Collins*, 57 Ala. 625 ; 1 Brick. Digest, 692, §§ 768-9 ; also, p. 695, §§ 801-05. On this second appeal, the former decision is not binding, but the court is required to re-examine the whole case. Code, § 3951. Without the aid of the parol evidence to which objections were filed, one fact conclusively shows that the dower lands could not have been included in the administrator's sale ; which is, that the whole sum paid, at $3.30 per acre, was only $379.50, the price of 115 acres.

SOMERVILLE, J.—It is a settled rule, that parol contemporaneous evidence is inadmissible, to contradict or vary the terms of a valid written instrument. This principle, however, is confined in its operation to the parties to the instrument, or their privies, and is generally applicable only in suits between them. Strangers to the writing are not estopped from contradicting it, by oral proof of facts inconsistent with its recitals. *Venable v. Thompson*, 11 Ala. 147 ; 1 Greenl. Ev. § 279 ; 1 Whar. Ev. § 92 ; *Lehman Bros. v. Howze & Creagh*, 73 Ala. 302.

Nor is the rule infringed at all by the admission of parol evidence to show the nature and qualities of the subject-matter to which the instrument refers. Extrinsic evidence is often admitted in aid of the identification of the subject-matter of sale, when the description in the written instrument, unaided by such proof, would even be void for uncertainty.—*Mitchell v. Meyer Bros.*, 75 Ala. 100 ; *Chambers v. Ringstaff*, 69 Ala. 140 ; *Ellis v. Borden*, 1 Ala. 458 ; *Mead v. Parker* (114 Mass. 413), 15 Amer. Rep. 110 ; Waterman Spec. Perf. § 236.

The land purchased by Holly from Centerfit is described as "the *Davis Centerfit plantation*," without any other designation. There is no statement as to the quantity of land, or number of acres comprised in the tract. Under this state of facts, evidence was admissible of the circumstances surrounding the vendor, and of the *status* of the thing intended to be sold. The land is shown to have originally comprised not less than one hundred and sixty acres. But it was competent to show that, at the date of sale, it did not embrace so much, but had been diminished in area to about one hundred and fifteen or twenty acres. This was done by showing that the vendor, Cen-

terfit, never purchased or claimed more than the latter amount, and was only in possession of this particular number of acres; that the forty-five acre tract in controversy had been assigned as dower to the widow of the original owner, who had gone into possession of it, and was in possession at the time of the sale. This evidence was competent to show that it could not have been intended by the parties that the forty-five acre tract in controversy should be conveyed as a part of the "*Davis Centerfit plantation.*"—1 Greenl. Ev. (14th Ed.) § 286.

The chancellor's conclusion, that Holly never purchased this tract, and that Centerfit never agreed to convey it to him, is, in our opinion, supported by a preponderance of all the legal testimony in the case; and his decree is accordingly affirmed.