## Moore v. Helms.

*Statutory Real Action in nature of Ejectment.*

1. *Contents of transcript; exhibits to bill of exceptions.*—Where the bill of exceptions directs the clerk to incorporate a document read in evidence, but the document itself is not set out, nor so described as to be properly identified, this court will not consider for any purpose a document copied in another part of the transcript, although the clerk states, in a memorandum preceding it, "The following pieces of evidence were mislaid at the time the above part of the transcript was made out, but have since been found, and are here copied as part of this record."

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Thomas Moore, against Melton Helms, to recover the possession of a tract of land, with damages for its detention. On motion of the defendant, the court dismissed the suit, on the ground of a submission to arbitration, and award against the plaintiff, as shown by the report of the case at a former term (74 Ala. 368), when the judgment was reversed, and the cause remanded. On the second trial, a bill of exceptions was reserved by the plaintiff, which is thus copied in the transcript: "The plaintiff introduced, as evidence of his title, the following certificate of purchase for the land sued for, by the register of the United States land-office. (*The clerk will here copy the certificate of the receiver, R. F. Cook, to plaintiff.*) The plaintiff proved that he was in the possession of the land sued for, at and before Sanderson entered the same, and continued in the actual possession of the same until about three years since, when he was dispossessed by the sheriff under a writ of possession issued on a judgment in favor of W. B. Halstead; and the plaintiff here rested his case. The defendant then introduced a certificate and patent to one Shepard F. Sanderson, for the land sued for, and a deed from the sheriff of Coffee county to W. B. Halstead; and proved the destruc-

[Moore v. Helms.]

tion and contents of the judgment on which said execution issued, and the proceedings on which the same was founded; also, the execution against Sanderson, a deed to defendant by said Halstead, and the award of arbitrators made in a suit between plaintiff and said Halstead, wherein the said land was the subject of the suit, and the proceedings by which the said award was made the judgment of the court. (*The clerk will here copy each piece of evidence as heretofore mentioned, in the order in which they are mentioned.*)" The judgment entering up the award is here copied in the bill of exceptions, but the other documents mentioned are not set out; and the bill of exceptions then recites several objections to evidence, charges given and refused, and exceptions thereto. In a subsequent part of the transcript, after the final certificate, is a memorandum by the clerk in these words: " *The following pieces of evidence were mislaid at the time the above part of this transcript was made out, but have since been found, and are here copied as a part of this record ;*" and one of the papers then set out is a receipt for $10.45, signed "*Robert F. Cook, receiver,*" acknowledging the receipt of that sum paid by Thomas Moore, on the 1st September, 1856, into the " Receiver's Office at Elba," for the land involved in this suit. The opinion of this court renders it unnecessary to state the several rulings to which exceptions were reserved by the plaintiff, and which are here assigned by him as error.

J. E. P. FLOURNOY, W. D. WOOD, and N. W. GRIFFIN, for the appellant.

SOMERVILLE, J.—The bill of exceptions fails to set out any evidence of plaintiff's title to the lands in controversy. We can not supplement this defect by reference to a paper copied by the clerk of the Circuit Court into another part of the record, purporting to be a certificate of entry signed by one who is styled a Receiver, without marks of reference or identification, by number, names, dates or otherwise. There is a failure to incorporate the paper in the bill, and it therefore forms no part of it.—*Pearce v. Clements,* 73 Ala. 256, and cases cited; *Parsons v. Woodward,* Ib. 348.

The plaintiff showing no title in himself, the general charge to find for the defendant was properly given.

We need not consider the other questions, but will observe that we are inclined to think there is no error in the record upon any of the assignments of error urged by the appellant.

Affirmed.