# W. P. Brown & Sons Lumber Co. *v.* Steele, *et al.*

### Assumpsit.

### (Decided November 11, 1915.   70 South. 161.)

1. **Principal and Surety; Note; Notice to Sue.**—The notice herein set out considered and held a substantial compliance with the provisions of § 5396, Code 1907, and a sufficient description of the note, there being but one note answering that description.

2. **Escrow; Third Person; Title.**—When money or other property or a written instrument is delivered in escrow to a depositary, to be delivered by virtue of an executory contract to a third person, who is entitled thereto upon the performance by him of his obligations in the premises, such third person has no title, fee or right of possession of such property until he has performed the condition imposed upon him by the escrow.

3. **Principal and Surety; Escrow; Notice to Sue.**—Where the payee of a note had delivered it to a bank in escrow to be turned over to plaintiff in part payment of land purchased from plaintiff upon delivery by plaintiff to the bank of a proper deed, notice by the surety on the note to sue was properly served on the payee, since plaintiff was not the owner nor entitled to sue on the note while it was in escrow.

4. **Same.**—The statutory notice by a surety to sue must be given a person entitled to sue at the time of such notice.

APPEAL from Jackson Circuit Court.
Heard before Hon. W. W. HARALSON.

[W. P. Brown & Sons Lumber Co. v. Steele, et al.]

Action by the W. P. Brown & Sons Lumber Company against J. B. Steele and G. S. Mussetter. From a judgment for defendant Steele, plaintiff appeals. Affirmed.

G. S. Mussetter and J. B. Steele executed a joint promissory note to C. M. Hunter, which was transferred to the present appellant. After Mussetter, Steele was only a surety, which fact was known to payee. On July 5, 1911, Steele handed to the payee, Hunter, a written notice in words as follows:

"I hereby notify C. M. Hunter to sue, that I will not stay on note for G. S. Mussetter any longer.

[Signed] J. B. Steele."

Suit was not brought on the note, however, until August 9, 1912. Several months prior to July, 1911, Hunter had traded with appellants for a tract of land; appellants agreeing to accept the note in suit ($1,200), together with $1,500 in money, as the purchase price. Hunter took possession of the land and placed the note in escrow with the management of the local bank, where he had more than $1,050 on deposit, with instructions to deliver the note, duly transferred by indorsement, and to pay the money to appellants upon delivery by them to the bank of a satisfactory deed of the land to Hunter. This was the status of the note on July 12, 1911, when the notice to sue was given to Hunter. There was verdict and judgment for plaintiff against Mussetter, but verdict and judgment for Steele on his plea of discharge by reason of the delay in bringing the suit.

LAWRENCE E. BROWN, for appellant. TALLEY & FRICKS, for appellee.

SOMERVILLE, J.—As stated in brief of counsel for appellants, there are but two questions in this case: (1) Was the notice to sue sufficient in form? and (2) was it given to the proper person?

(1) 1. While the notice is lacking in technical precision, we think it substantially conforms to the requirements of the statute.—Code, § 5396. A demand for suit on the note necessarily means against the makers of the note; and it was long since held that a notice to bring suit "against the parties" to a note is a sufficient designation of the persons to be sued.—*Pickens v. Yarbrough's Adm'r*, 26 Ala. 417, 420, 426, 62 Am. Dec. 728. This

[W. P. Brown & Sons Lumber Co. v. Steele, et al.]

meets the rule declared in *Shehan v. Hampton*, 8 Ala. 942, 946, that: "When a statute requires an individual to be designated to another, there must be sufficient information given to enable the person to be ascertained with certainty."

Here there was but one note, and the payee knew who was the principal debtor, and who was the surety, and the exact nature of the demand could not be mistaken.

(2, 3) 2. When money, or other property, or a written instrument, is delivered in escrow to a depositary, to be delivered by virtue of an executory contract to a third person, who is entitled thereto upon the performance of his obligations in the premises, there is as to such property neither title nor right of possession in such third person until he has himself performed in accordance with the conditions attached to the escrow. In the present case it seems clear beyond controversy that the plaintiffs were not the owners of the note on July 5, 1911, in such sense, either legally or equitably, as entitled them to maintain a suit thereon.—*Carter v. Turner*, 5 Sneed (Tenn.) 178. In *Pickens v. Yarbrough's Adm'r*, 26 Ala. 417, 425, it was said: "If a debtor deposits notes *unconditionally* with a creditor as security for a debt, he thereby gives to the latter the control and direction so far as their collection is concerned, and it then becomes the creditor's duty to take all necessary measures to prevent the discharge of any of the parties to the notes received by him." (Italics supplied.)

This emphasizes our conclusion that a merely *contingent* interest in a chose in action, without present possession or right would not support a suit by the expectant owner.

(4) The statutory notice must manifestly be given to the person who can sue at the time, and that person in this case was Hunter, the original payee. It results from these views that the rulings and instructions of the trial court were free from error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.