(89 South. 437)

## JONES v. FIRST NAT. BANK OF GREENSBORO. (2. Div. 739.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 23, 1921.)

1. **Exceptions, bill of** ⊚⟾23—**Document incorporated by reference must be so described that clerk can make no mistake.**

A document sought to be made a part of a bill of exceptions by reference must be so described by date, amount, parties, or other identifying features that the transcribing officer can, unaided by memory, readily and with certainty know what document is referred to without room for mistake.

2. **Exceptions, bill of** ⊚⟾23—**Identification of documents incorporated by reference held sufficient.**

In a vendor's action for purchase money deposited with a bank in escrow, to be turned over to him when he delivered to the bank a warranty deed and abstract of title, where there was but one contract and deed for the sale of the particular lands and but one abstract of title thereto, each of which was read in evidence by plaintiff, the agreement of counsel and the bill of exceptions recited that the documents were in the clerk's possession, and the latter set them out as directed by the judge, a motion to strike them from the bill will be overruled, their identification being sufficient to reasonably insure against mistake on the part of the clerk.

3. **Evidence** ⊚⟾413, 414, 419(11)—**Parol evidence of execution, date, consideration, or delivery of written contract admissible.**

Though a written contract cannot be varied by parol evidence in litigation between the parties or their privies, such evidence of the execution, true date, consideration, or delivery thereof, or that there was no proper execution or delivery, is admissible.

4. **Evidence** ⊚⟾424—**Parol evidence varying contract admissible as to stranger.**

Parol evidence to vary a written contract is admissible in an action between a party thereto and a stranger, the rule against the admissibility of such evidence not being binding on the parties in controversies with third persons.

5. **Evidence** ⊚⟾424—**Parol evidence as to time within which vendor to deliver deed held admissible in action against escrow holder of purchase moneys.**

In a vendor's action against a bank for purchase moneys deposited in escrow to be turned over to plaintiff when he brought to the bank a warranty deed and abstract of title, testimony of the president of the bank that, on the day of the deposit, the depositor, in the presence of the witness and plaintiff, stated that the sum deposited was to be paid the latter when he should, not later than a certain date, bring the deed and abstract to the bank, was competent as affecting the bank's right to retain such sum after such date, since the escrow agreement, not being in writing, could be shown by parol evidence in a suit in which the depositor was not a party.

6. **Contracts** ⊚⟾237(2), 255—**Parties may rescind or modify at pleasure, mutual assent and obligations or releases being sufficient consideration.**

The parties to a contract not within the statute of frauds may generally rescind or modify it at pleasure, their mutual assent and consideration—mutual obligations assumed or releases—being sufficient.

7. **Evidence** ⊚⟾424—**Testimony of change of terms of escrow agreement not admissible in action against escrow holder of purchase moneys.**

In a vendor's suit against a bank with which purchase moneys were deposited in escrow, to be turned over to plaintiff if he delivered a deed and abstract to the bank by a certain date, testimony as to a conversation between the vendor and depositor after such date, looking to a meeting between them to close the purchase, could not affect the bank, as in absence of knowledge on its part of such conversation or waiver of the time limit, as the terms of the escrow were not affected by rescission, modification, or waiver without explicit instruction by the parties of the nature and extent thereof.

8. **Appeal and error** ⊚⟾216(3)—**Misleading charge held not reversible, where curable by explanatory charge not asked.**

In a vendor's action against a bank for purchase moneys deposited in escrow to be turned over to plaintiff when he delivered a deed and abstract, or returned to the purchaser in case of plaintiff's default, where the court instructed the jury that the burden was on plaintiff to show, if no time was agreed on, that he placed the deed and abstract of title in the bank within a reasonable time, and that, until the plaintiff satisfied the jury that the time within which the deed and abstract were delivered was a reasonable time for him to make them, the burden did not shift to defendant, there was no reversible error in a charge that if the deed and abstract were to be delivered by a certain date, plaintiff could not recover if he failed to perform by such date, though there was evidence that the purchaser waived his right to insist on strict performance within such time, the evidence being insufficient to show notice or knowledge to the bank of such waiver, and plaintiff not having asked for an explanatory charge, if the instruction was not clear.

9. **Escrows** ⊚⟾10—**Charge in suit for money held by defendant in escrow held properly refused.**

In a vendor's action against a bank for purchase moneys deposited in escrow, to be delivered to plaintiff on delivery of a deed and abstract to the bank, or returned to the purchaser in case of plaintiff's default, a charge that if the contract was to be performed within in a reasonable time, and not by a fixed date, it was the duty of the purchaser to demand performance by plaintiff before he could recover the money, was misleading and properly refused, there being no duty on the part of the bank under the escrow agreement to show that such demand had been made. •

---

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Escrows ⟨key⟩10—Charge requiring that depositor demand performance of contract to deliver deed before receiving back purchase money deposited held properly refused.**

In a vendor's action against a bank for purchase moneys deposited in escrow to be delivered to plaintiff when he delivered to defendant a deed and abstract, whereupon the depositor was to execute notes for the balance of the purchase price, a charge that if the contract was to be performed within a reasonable time, and not by a fixed date, as contended by defendant, it was the depositor's duty to demand performance of plaintiff before he could have his money returned to him, was properly refused, plaintiff's right of recovery as to defendant escrow holder being tested by his own conduct in performance of the condition precedent, time being the essence of the contract, and there being no breach of the depositor's contract as to execution of the notes until full compliance by plaintiff with his part of the contract.

**11. Escrows ⟨key⟩10—Charge that parol evidence would not change terms of escrow agreement held properly refused in action against escrow holder.**

In a vendor's action against a bank for purchase moneys deposited in escrow, to be turned over to plaintiff when he delivered a deed and abstract, or, if he defaulted, to be returned to the depositor, a charge that the fact the depositor stated to the president of the bank in the presence of plaintiff, at the time of the deposit, that the contract was to be performed by plaintiff not later than a certain date would not change the written contract from one to be performed within a reasonable time, was properly refused, the bank not being a party to such contract, but being bound solely by the terms of the escrow agreement.

**12. Escrows ⟨key⟩10—Charge that if escrow holder knew of depositor's waiver of time limit, latter was entitled to escrow moneys, held properly refused.**

In a vendor's action against a bank for purchase moneys deposited in escrow to be turned over to plaintiff when he should deposit with the bank a deed and abstract, or returned to the depositor in case of plaintiff's failure so to do, a charge that, though the contract between plaintiff and such depositor was to be performed by a certain date, if after such date the depositor treated the contract as still existing, and defendant had knowledge of such fact, or of facts which, if followed up, would have led to knowledge thereof, the jury should find for plaintiff, was properly refused, the evidence to show defendant's knowledge of such waiver being insufficient to change the terms of the escrow agreement and the bank's duty to the respective parties thereunder.

**13. Trial ⟨key⟩194(11)—Charge escrow holder must pay money to vendor, though he failed to convey good title, held to usurp province of jury.**

In a vendor's action against a bank for purchase moneys deposited in escrow, to be turned over to plaintiff when he delivered a deed conveying a good and merchantable title and an abstract, or returned to the depositor

in case of plaintiff's default, a charge that, though the contract was that if plaintiff did not place the deed and abstract in defendant bank by a certain date the depositor's money was to be returned to him, if the latter treated the contract as still existing after such date, despite plaintiff's default, and the bank knew of such fact, plaintiff could recover, was properly refused as usurping the power of the jury by saying plaintiff had proved the other facts necessary to entitle him to recover, whereas there was no evidence that plaintiff had furnished a deed conveying a good and merchantable title.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Action by N. E. Jones against the First National Bank of Greensboro. Judgment for defendant, and plaintiff appeals. Affirmed.

Two checks were drawn by J. W. Blair, payable to appellant, N. E. Jones, delivered to him, indorsed by him, and placed on deposit by Jones & Blair with the First National Bank of Greensboro in escrow, under the following contract:

"This contract made and entered into this day between N. E. Jones, party of the first part, and J. W. Blair, party of the second part, witnesseth, that party of the first part has sold this day to the party of the second part one tract of land containing 1,840 acres, more or less, and party of the second part has this day bought one tract of land of 1,840 acres, more or less, from party of the first part. Land being located in Lowndes county, Ala., about seven miles from Haynesville, Ala., the county seat.

"This land being recently known as the J. F. Compton place. This land is sold under the following terms and conditions: $35 per acre, aggregating the sum of $64,400. Said J. W. Blair has this day by check placed in the First National Bank at Greensboro, Ala., $20,000 to be held in escrow until party of the first part has made and executed the warranty deed, conveying a good and merchantable title, and has furnished an abstract of title, and placed both warranty deed and abstract of title in the bank, at which time said money is to be turned over to the party of the first part. Party of the second part, John W. Blair is then to execute notes for the unpaid balance, dividing $44,400 in three equal annual payments, bearing 6 per cent. interest. The first payment to be one-third of the unpaid balance, is payable November 1, 1920, together with the interest of all unpaid balance. The second note to be paid November 1, 1921, with all interest on unpaid balance till that date. The third and last note to be paid November 1, 1922, with 6 per cent. interest. Each payment may be paid on or before the date set forth in the agreement. The party of the second part, J. W. Blair, has this day given N. E. Jones, party of the first part, exclusive option to sell the above piece at $45 per acre, less five per cent. commission, until December 1, 1920, and for this contract N. E. Jones, party of the first part, agrees and guarantees to forfeit $1,000 of the payment that is to be made on said

place November 1, 1920, if he does not sell this place by December 1, 1920, but should said N. E. Jones comply with this contract before December 1, 1920, he does not make any forfeiture but shall receive 5 per cent. commission.                                   N. E. Jones.
                              "J. W. Blair.
"Witnesseth."

This contract, together with the checks, was delivered to the bank, and the officials of the bank were permitted to testify that Blair stated to Blunt, president of the bank. in the presence of Jones, and without objection from Jones, that it was agreed between Jones and Blair that Jones should have until the 1st day of January, 1920, to deliver to said bank a conveyance to Blair of the lands described in the contract, an abstract showing merchantable title in Jones, that these should be approved by Blair's attorney, and that on delivery of these instruments by Jones, properly approved by Blair's attorney. the bank should deliver to Jones the $20.000. but, if Jones failed to do so, the money should be returned to Blair. It further appeared that at that time Jones did not own the land, but had a contract with one Compton, the owner of the land, to convey it to Jones, upon Jones' compliance with the contract by January 1, 1920. It was further shown that McDaniel was Blair's attorney and that Blair and McDaniel were in Demopolis on January 1 and 2 but came to Greensboro on January 3, 1920, and while there examined and approved the papers; that on January 2 Jones acquired the land from Compton, and on January 3, 1920, Jones tendered to the bank the deed and the abstract, approved by McDaniel, and made a demand on the bank for the money, which was refused, and the money was paid to Blair.

Evins & Jack and Thomas E. Knight, all of Greensboro, Mallory & Mallory, of Selma, and Brown & Denson, of Birmingham, for appellant.

It was error to admit the testimony of the bank officials, to supply the date when the contract was to be forfeited, or by which time Jones' obligations were to be performed. 9 Enc. of Evid. 349; 90 Ill. 595; 17 Mich. 342; 31 Minn. 512, 19 N. W. 88; 44 N. W. 306; 3 Stew. 201, 20 Am. Dec. 74; 20 Ala. 561; 107 Minn. 140, 119 N. W. 783; 23 Wash. 425, 63 Pac. 207. This rule applies to the bank, as well as to Jones or Blair. 23 Wash. 425, 63 Pac. 207; 16 Cyc. 575; 54 S. E. 755. The court erred in sustaining objection to the testimony of McDaniel. 196 Ala. 337. 71 South. 439; 229 U. S. 212, 33 Sup. Ct. 625, 57 L. Ed. 1153, Ann. Cas. 1915A, 272. The court erred in its oral charge. 13 C. J. 660; 83 Neb. 567, 120 N. W. 130; 63 Barb. (N. Y.) 205. The court erred in refusing the charges requested. Authorities supra.

There is no merit in the motion to strike the contract, etc., as they are sufficiently identified. 101 Ala. 230, 12 South. 770; 95 Ala. 202, 10 South. 343; 108 Ala. 642, 18 South. 689.

De Graffenreid & James, of Greensboro, and Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

The contract and other things directed to be set out in the bill of exceptions were not sufficiently identified, and should be stricken. 73 Ala. 256; 73 Ala. 348; 77 Ala. 379; 96 Ala. 377, 11 South. 478; 96 Ala. 530, 11 South. 695, 38 Am. St. Rep. 116; 99 Ala. 341, 13 South. 51; 108 Ala. 640, 18 South. 680; 145 Ala. 351, 40 South. 965; 189 Ala. 622, 66 South. 605. The rule invoked as to the admission of parol evidence is without application in an action between a party to the instrument and a stranger. 135 Ala. 622, 33 South. 832; 203 Ala. 14, 81 South. 682; 93 Ala. 70, 9 South. 372; 107 Ala. 67, 18 South. 219; 73 Ala. 302; 77 Ala. 334. Parties to a contract may rescind or modify, and their mutual assent is all that is necessary. 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; 127 Ala. 521, 30 South. 79; 139 Ala. 319, 35 South. 998; 145 Ala. 605, 40 South. 126. It is not error to refuse abstract instructions. 151 Ala. 355, 43 South. 867 and cases cited in Michie's Dig. 481. Misleading charges should be corrected by requested instructions. 161 Ala. 114, 49 South. 461.

THOMAS, J. The cause was submitted on motion and on its merits. The motion was directed to striking conjunctively all of the several papers indicated, and not disjunctively any of them.

The motion to strike from the bill of exceptions the documents set out therein— namely, the contract between J. W. Blair and N. E. Jones, the deed from said Jones and wife to Blair, and the abstract of title to the property indicated in said contract and deed—must first be considered. The ground thereof is that these instruments were not set out at length originally in the bill of exceptions as signed by the trial judge, and were not sufficiently identified by the reference therein made to authorize the clerk to include them in the bill of exceptions. To prevent the delay and expense of a certiorari and its return, counsel of record included in the original bill of exceptions an agreement touching the documents as follows:

"In the original bill of exceptions, which was signed by the presiding judge, the following documents or instruments of writing were not set out in full, but the clerk was directed to incorporate them in the bill of exceptions, the recitals in the bill of exceptions in reference thereto being as follows: Thereupon the plaintiff read in evidence the contract between Jones and Blair. Thereupon plaintiff also read in

evidence the deed from Jones to Blair. Thereupon plaintiff read in evidence the abstract of title (the clerk will here set out said contract, said deed, and said abstract in this bill of exceptions), the same being now in his possession and in the file of said cause. They are as follows: 'All as shown by the original bill of exceptions which is hereto attached.' The documents or instruments of writing referred to were the contract between N. E. Jones and J. W. Blair, the deed from N. E. Jones and wife to J. W. Blair, and the abstract of title to the lands, which said documents or instruments of writing were in the file in said cause. This agreement is made in order to prevent a continuance of the cause and in order to save the time that would be required to await a return by the clerk of the lower court to a writ of certiorari."

The recital (in the original bill of exceptions, as signed by the presiding judge), concluding the testimony of N. E. Jones, is as follows:

"I did not have any other land in Lowndes county other than in that deed. The lands embraced in the deed were all the lands I had in Lowndes county. It was recently known as 'The J. F. Compton place,' as I bought it from him, and that is the land that Blair and I were dealing with in that contract. The land conveyed in this deed was the J. F. Compton place, and was the same land mentioned in the contract and the same land embraced in the abstract of title."

It is further recited that "thereupon the plaintiff read in evidence" the matter as recited in the bill of exceptions and as stated in the agreement of counsel indicated above.

In obedience to such directions, the clerk included in the bill of exceptions the documents in question. The foregoing extract from the agreement of counsel admits that the respective papers referred to by the trial judge in his directions to the clerk and included by that official as a part of the bill of exceptions were the writings between Jones and Blair touching the contract or agreement between them of sale of the lands —that is, the contract of sale, the deed, and abstract of title—each of which instruments was read in evidence on the trial by the plaintiff, and being the "documents or instruments of writing [which] were in the file in said cause." These papers set out at length by the clerk were thus identified as the ones which were then in his possession and "in the file in said cause," and which had been read in evidence by the plaintiff on the trial.

[1] The rule obtaining in this jurisdiction is that when a document is sought to be made a part of the bill of exceptions by reference, and not by copy, it must be so described (by date, amount, parties, or other identifying features) that the transcribing officer can, unaided by memory, "readily and with certainty know what document or paper is referred to, without room for mis-

take." Parsons v. Woodward, 75 Ala. 348, 352. An early statement of the rule (Looney v. Bush, Minor, 413) is as follows:

"Whenever it is intended to incorporate in a bill of exceptions a paper read or offered to be read, it is indispensable to set out a copy in the bill of exceptions before the same is sealed, or so to describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer."

And it has been since adhered to in this court. Bradley v. Andress, 30 Ala. 80; Bank v. Moseley, 19 Ala. 222; Strawbridge v. State, 48 Ala. 308; Garlington v. Jones, 37 Ala. 240; Parsons v. Woodward, supra; Pearce v. Clements, 73 Ala. 256; Moore v. Helms, 77 Ala. 379; Kyle & Elliott v. G. L. & I. Co., 96 Ala. 376, 11 South. 478; Elliott v. Round Mountain C. & I. Co., 108 Ala. 640, 18 South. 689; Anniston Mfg. Co. v. Sou. Ry. Co., 145 Ala. 351, 40 South. 965; Bley v. Lewis, 188 Ala. 535, 539, 66 South. 454; Jones v. White, 189 Ala. 622, 629, 66 South. 605.

In Kyle & Elliott v. Gadsden Land & Imp. Co., supra, after quoting from Parsons v. Woodward, supra, it is said that—

"The record must be so complete that a succeeding officer, coming into the place of the one before whom the business was transacted, cannot reasonably mistake what was done."

And in A. G. S. R. R. Co. v. Dobbs, 101 Ala. 219, 229, 12 South. 770, 773, is contained the following:

"In this bill of exceptions, we find two blanks left by the judge signing it. The first occurs after the words, 'The defendant then offered the admissions of what the witness, Hickman, and others would swear, if present,' where these words appear in parenthesis: '(These admissions are with the file of papers in the circuit clerk's office, and the clerk will set them out.)' The showing as to the witness, Hickman, alone appears in the record, and we are to presume the showing as to the other absent witnesses, if any, was not made, or, if made, not allowed. The clerk, in filling this blank under the direction of the judge, copied what purports to be a showing for a continuance of the cause, on account of the absence of the witness, Hickman, which showing contains the title of the cause, followed by a statement of the reasons why the witness was not present, and of what he would prove, if present. It does not appear that there was any other witness in the cause by the name of Hickman, and, nothing appearing to the contrary, the presumption is there was but one of that name. The name of the witness is given, what he will swear is written out, the judge certifies that it was offered in evidence, that it is with the file of papers, and directs the clerk to set it out in the bill. Its identification seems to be so complete as to leave no room for the clerk to mistake it for any other paper. He could, unaided by memory, determine readily what document was referred to by the judge, and he very properly inserted it as a part of the bill."

In Tuscaloosa County v. Logan, 50 Ala. 503–505, the rule was applied, where the direction to the clerk was, "(Here insert 'Exhibit A')," and of this the court said:

"This refers to an instrument in writing, which is called 'The following appointment or instructions received from the commissioners' court of Tuscaloosa county.' There is no such document found with the exhibits accompanying the petition, or presented to this court. * * * The second blank space contains these words: '(Here insert "Exhibit B.")' But the paper filed with the petition, and marked 'Exhibit B.' is wholly blank. * * * The papers referred to in the first and second blank spaces in the bill of exceptions are not so identified, by any date, amount, parties. or by any other features, as to leave no room for mistakes in transcribing them; and *it does not appear there are any such papers on file in the original papers of the cause.*"

This case was cited with approval in Anniston Mfg. Co. v. Sou. Ry. Co., supra, and Pearce v. Clements, supra. And in Moore v. Penn., 95 Ala. 200, 10 South. 343, its declaration was:

"There was but one attachment issued and levied on the goods; the same attachment mentioned in the affidavit and claim bond made by the claimants, which is the foundation of the trial of the right of property and of the issue joined—a part of the record. We are unable to see how any mistake could have been made by the transcribing officer. This is the certainty of identification required by the rule."

This case was approved in Elliott v. Round Mountain C. & I. Co., supra.

[2] In the instant case there was but one contract and deed between Jones and Blair for the sale of lands in Lowndes county, Ala., and but one abstract of title to the same property; and each of said instruments or documents was read in evidence by plaintiff. The agreement of counsel and bill of exceptions recited that these documents were in the file and in the clerk's possession, and the clerk set out said contract, deed, and abstract as directed by the trial judge. There was no room for mistake on the clerk's part, the identification of said several instruments made documentary evidence in the cause being sufficient "to reasonably insure against mistake on the part of the clerk in carrying out the directions to insert them." Elliott v. Round Mountain C. & I. Co., supra. Appellee's motion to strike is overruled.

[3, 4] The rule of evidence not permitting a written contract to be varied by parol evidence in litigation between the same parties to the writing (or their privies) is given expression by many authorities. It is subject to exception, however, on admission of such evidence of its execution, of its true date, consideration, or delivery (Formby v. Williams, 203 Ala. 14, 19, 81 South. 682), or that there was no proper execution or delivery of such writing (White v. Kahn, 103 Ala.

308, 15 South. 595; 3 Jones on Ev. § 471, p. 301; King v. Woodbridge, 34 Vt. 565). The rule does not exclude the admission of parol evidence in an action between a party to an instrument and a stranger, nor binding upon the parties themselves in controversies with third persons. Formby v. Williams, supra; British & American Mortg. Co. v. Cody, 135 Ala. 622, 33 South. 832; Troy Fert. Co. v. Norman, 107 Ala. 667, 680, 18 South. 201; Robinson v. Moseley, 93 Ala. 70, 9 South. 372; Coleman v. Pike Co., 83 Ala. 326, 3 South. 755, 3 Am. St. Rep. 746; Holly v. Pruitt, 77 Ala. 334; Lehman v. Howze, 73 Ala. 302; Venable v. Thompson, 11 Ala. 147; Murchie v. Cook & McNab, 1 Ala. 41; 1 Greenl. on Ev. §§ 270, 279; Stephen's Dig. Ev. art. 92; L. R. A. 1916A, 606, note.

[5] On examination of witnesses for defendant, Mr. Blunt testified that, as president of the First National Bank of Greensboro, on November 17, 1919, he had a conversation with J. W. Blair on the day the deposit was made with his bank; that appellant (N. E. Jones) and Blair came to the bank together, and the latter stated to witness in the presence of Jones that he (Blair) desired to, and did, make a deposit of $20,000, to be paid Mr. Jones when the latter would, not later than January 1st, "bring that deed and abstract approved by his attorney"—meaning the attorney who would examine same for Blair—and said documents or indicia of title were to be deposited with the bank within the time indicated. Whereupon plaintiff objected to any statement by Mr. Blunt "of any time limit that Mr. Blair may have stated to him when that deed and abstract should be brought in," on the ground that the contract was in writing, and had been introduced in evidence, and that it could not be changed by parol testimony; "that by the terms of that agreement a reasonable time is fixed by law for the performance of that contract, and that it would be working a change of date limit to be fixed by parol evidence." Thereupon the court asked, "Was Mr. N. E. Jones present?" and was answered, "Yes, sir."

"Q. He could hear the conversation between Mr. Blair and yourself? A. Yes, sir.

"Q. All three were present? A. Yes, sir."

The court then overruled the objection and allowed the witness to testify, to which ruling plaintiff made and reserved due and legal exception. Plaintiff then moved to exclude "any answer made thereto on the ground that the question was a general one," and stated:

"We are making our objection to any part of that question which might lead * * * to any statement by the witness that a time limit was fixed for the deed and abstract to be delivered or the money to be returned to Blair."

The court overruled this objection, and plaintiff duly excepted. The testimony was

competent as affecting the right of the defendant bank to retain the $20,000 left in escrow after January 1, 1920, and after the performance of or failure to comply with the conditions on which the money was to be paid to Mr. Jones or returned to Mr. Blair. In a suit by Mr. Jones against the bank for the money, the terms of the escrow could only be shown by the parol testimony of its officials and others who knew the terms upon which it was accepted by the bank—to show what the understanding was in the execution of the agreement between Blair and Jones. Nichols v. Oppermann, 6 Wash. 618, 34 Pac. 162; Campbell v. Thomas, 42 Wis. 437, 24 Am. Rep. 427; Manning v. Foster, 18 L. R. A. (N. S.) 337, note; King v. Upper, 31 L. R. A. (N. S.) 606, note. That is to say, since the escrow agreement was not in writing, it could be shown by parol evidence in a suit where Blair was not a party. Had the agreement of the escrow been in writing, and neither ambiguous nor uncertain, parol evidence would not have been admissible to vary its terms. The authorities to this effect have no application to the question presented by the several objections and exceptions to the parol testimony tending to show the exact terms of the escrow agreement, as affecting the duty of the bank to the respective parties in interest and of its liability to either or both in dealing with the fund in question. Ashford v. Prewitt, 102 Ala. 264, 14 South. 663, 48 Am. St. Rep. 37; Pacific Nat. Bank v. San Francisco Bridge Co., 23 Wash. 425, 63 Pac. 207; Tharaldson v. Everts, 87 Minn. 168, 91 N. W. 467; Western Timber Co. v. Kalama River Lbr. Co., 42 Wash. 620, 85 Pac. 338, 6 L. R. A. (N. S.) 397, 114 Am. St. Rep. 137, 7 Ann. Cas. 667; Cagger v. Lansing, 57 Barb. (N. Y.) 421; Cannon v. Handley, 72 Cal. 133, 144, 13 Pac. 315; Pierce v. Wheeler, 44 Wash. 326, 87 Pac. 361; Brown v. Munger, 42 Minn. 482, 44 N. W. 519; Perry v. Paschal, 103 Ga. 134, 29 S. E. 703; Engler v. Garrett, 100 Md. 387, 59 Atl. 648; Browne on Statute of Frauds (5th Ed.) 366; 16 Cyc. 570, 577.

The trial court permitted the several witnesses to answer that Mr. Blair stated to the officials of the bank when the money was left with it, and in the presence and hearing of Mr. Jones, that the latter would "give him a deed within a week"; that he (Blair) had given Mr. Jones "until January 1st [1920] * * * to bring that deed and abstract" approved by his attorney to the bank, and "if he does not bring them in by that time the money is to be returned to me." This testimony showed without equivocation that the approval of Mr. Blair's attorney was required after examination of the abstract and deposit of both instruments with the bank; that Mr. Jones was present and heard this statement of their agreement; that said papers so delivered to its officials were immediately placed in an envelope in the presence of two parties in interest, with an indorsement as to the time limit, made a condition precedent to the delivery of the money, written on the envelope containing the contract. The witness further stated:

"I do not know that they knew what indorsement was made on the envelope; they just told me [witness] what the limit was on it and I wrote on here. After the above conversation was had we all went up to the front of the bank where Mr. Charles Stollenwerck and Mr. Erwin were [officials of the bank];" and "I handed those two checks to Mr. Stollenwerck in the presence of both these men, Mr. Blair and Mr. Jones, and told him that Blair had given Mr. Jones until January 1st."

Another statement of the terms of the escrow, shown by the evidence, was that "Mr. Blair said, 'I have given Mr. Jones until January 1, 1920, in which to file a warranty deed and abstract of title approved by his attorney or the money to be returned to Mr. Blair;' that Mr. Jones said, 'I will have it within a week;' " and that the president of the bank then gave instructions to the cashier in the presence of Mr. Jones that "Mr. Jones may want all currency, so you had better build up your cash, as he says he will have it here within a week; if not he has until January 1st in which to carry out this agreement. Mr. Stollenwerck, the cashier, took it and put it in his cash account;" that the money was not deposited to the credit of either of these men, but held by Mr. Stollenwerck to be paid whenever that agreement was carried out; that witness further testified of the failure of compliance; that the deed or abstract was not delivered or tendered to his bank on or before January 1, 1920, by Mr. Jones, nor did Mr. Blair deliver or tender to the bank any notes or mortgage payable to Mr. Jones.

There was no error in the ruling of the trial court on the introduction of evidence tending to show the terms of the escrow by other witnesses, Blair, Erwin, and Stollenwerck. For analogous authorities on escrow, see Brown & Sons Lumber Co. v. Steele, 195 Ala. 211, 70 South. 161; Woodruff v. Adair, 131 Ala. 530, 32 South. 515; Cherry v. Herring, 83 Ala. 458, 3 South. 667; Hargrave v. Melbourne, 86 Ala. 270, 5 South. 285; 5 Michie, Ala. Dig. 665; 21 C. J. 878; Gaston v. City of Portland, 16 Or. 255, 19 Pac. 127; Cannon v. Handley, 72 Cal. 133, 13 Pac. 315; 1 Devlin on Deeds (3d Ed.) §§ 193, 312a.

[6, 7] The suit being by N. E. Jones against the bank, a conversation between Blair and Jones, or their respective counsel, on January 2d, looking to a meeting between them in Greensboro on the next day to close the matter of the purchase of the land, in the absence of knowledge on the part of the bank given by these parties of such conversation or waiver of the time limit, could not

affect the bank as the holder of moneys under the terms of the escrow which had expired on January 1st. The statement contained in Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439, that, where time is expressly declared to be of the essence of the contract, it may be waived by the conduct of the party for whose benefit the stipulation is made, is cited by appellant. Home Guano Co. v. Int. Agri. Corp., 204 Ala. 274, 85 South. 713. Conceding, without deciding, that the evidence of the telephone conversation between the respective attorneys of the parties may be the basis for an inference that Mr. Blair had waived the time limit fixed for delivery of the deed and satisfactory abstract of title before or on January 1, 1920, without special direction of the parties thereafter, such waiver would not authorize the bank to withhold from Mr. Blair his moneys on due demand after default on the part of Mr. Jones. It may be that if the bank had full and specific notice of Mr. Blair's waiver of the time limit, or that the facts were such as to amount to a full and explicit notice to it as the trustee of the parties to further hold the money under the terms of the escrow, and if thereafter it delivered the money to either party, without knowledge or consent of the other, it would do so at its peril. Morris v. Sou. Realty & Const. Co., 203 Ala. 600, 84 South. 809; Citizens' Nat. Bank v. Davisson, 229 U. S. 212, 221, 222, 33 Sup. Ct. 625, 57 L. Ed. 1153, Ann. Cas. 1915A, 272.

Generally speaking, parties to a contract (not within the statute of frauds) may rescind or modify the same at pleasure, their mutual assent and consideration—mutual obligations assumed or releases—being all that is necessary. Montgomery County v. New Farley Nat. Bank, 200 Ala. 170, 75 South. 918; McDonough v. Saunders, 201 Ala. 321, 78 South. 160, 11 A. L. R. 419; Shriner v. Craft, 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19. A third party, however, holding moneys or properties, the subject of the contract, under the specific terms of an escrow cannot be affected by a rescission, modification, or waiver of the contract of purchase without a full, explicit instruction by the parties of the nature and extent thereof, as affecting the specific time limit fixed in the agreement of the escrow. There was no error in declining to admit the evidence sought to be introduced as tending to show a waiver of the time limit by Mr. Blair as fixed by the parties on making the deposit or the escrow.

In Citizens' Nat. Bank v. Davisson, supra, the justice specifically noted that the purchaser and depositor of the funds—

"having himself repudiated the contract before any default was made by the vendors, thereby dispensed with a tender or further performance on their part and forfeited to them the money deposited. The bank, with fair no-

206 ALA.—14

tice of this, and in violation of its duty of acting impartially between the parties, paid the money over to Berryman [the vendee] and thereby became liable."

This holding is referred to the facts of the case, of which it is noted that, upon the deposit of the check for the money with the bank, it was placed, with the contract of purchase, in an envelope with a memorandum indorsement thereon not inconsistent with the contract. The court held that the memorandum was not a complete expression of the agreement of escrow between the parties, and that the memorandum was unintelligible except by reference to the contract. The court said:

"But this memorandum is evidently not a complete expression of the agreement between the parties, and indeed is unintelligible except by reference to the contract of sale. It does not mention the names of the parties or either of them; does not specify what 'settlement' is to be made, nor where; does not state by whom 'deed and abstract' are to be placed in escrow. nor when, nor for what purpose. Above all, and more important for the present purpose, it does not either state or intimate what is to be done with the check or money if settlement is not made on September 10th, or if abstract is not 'approved by purchaser's attorney.' "

Such was not the instant case. Here the agreement of escrow stipulated and required that, upon the failure of complainant to deposit the deed and approved abstract of title within the time and at the place indicated, the money was to be returned to the depositor—a stipulation different, specific, and certain as contradistinguished from the indefinite terms of the contract of sale between Jones and Blair. The two cases are further differentiated in this, that in Citizens' Nat. Bank v. Davisson, supra, there was no inconsistency between the memorandum indorsed on the envelope of the agreement of escrow and the contract of sale contained therein. On no other theory may the holding be justified that the deposit was held by the Citizens' National Bank subject to the terms of the contract of purchase. The rulings in that case, and in Morris v. Sou. Realty & Constr. Co., supra, have no application to the instant case where the bank was trustee for Blair and Jones under authority or instruction clear, distinct, and unambiguous, imposing upon the defendant bank duties to perform for each which neither can forbid without the consent of the other. Foulkes v. Sengstacken, 83 Or. 118, 158 Pac. 952, 163 Pac. 311.

[8] Appellant insists that reversible error was committed in the oral charge of the court, to which exception was reserved to the words we have italicized. The court was stating the theory of, and interpreting the law applicable to, plaintiff's case made by the evidence, or reasonable inferences to which

the same was susceptible. The court had instructed the jury that—

· The "plaintiff in this case says that that money was placed in the First National Bank in his presence and in the presence of J. W. Blair, with the contract under the conditions and terms of that contract; that it was to remain there until he, N. E. Jones, placed in the bank a warranty deed and an abstract of title, approved by Mr. Blair's attorney. Well, now, the burden of proof is on the plaintiff to show that. The burden is on the plaintiff to show that when no time is put there for him to place the deed in there, and place the abstract of title in there, approved by Mr. Blair's attorney, that he did it within a reasonable time."

Continuing the court said:

"*If it was an unreasonable time for him to do these three things—make a deed, make abstract of title, and have Mr. Blair's attorney approve it—then there is no use in going any further. If that was an unreasonable length of time from the standpoint of the plaintiff in this case, then there is no use going any further. He would fail to* make out his case. If that was a reasonable time, and he did give a warranty deed, execute it, and give a merchantable abstract of title showing that deed carried legal title to the 1,800 acres of land, and he tendered that to the First National Bank on January 3d, and that was a reasonable time within which to do it between the 17th day of November and the 3d day of January, then the burden of proof will shift over to the defendant in this case. *But until the plaintiff satisfies you that 47 days was a reasonable time for him to make the deed, and make an abstract of title, and have it approved by Mr. Blair's attorney, then the burden does not shift over to the defendant at all. He must do that and show it was a reasonable time.*"

Later in the oral charge the jury was instructed as to defendant's theory of the evidence and of the law applicable to its defense, in which there was no element of reasonable time, but the setting up of the agreement of escrow, requiring that the deed, with the abstract of title approved by Mr. Blair's attorney, be left with the First National Bank before or on the 1st day of January, 1920, before the sum of $20,000, deposited with that bank by Mr. Blair, should be delivered to Mr. Jones. Failing in this, "this money is to be returned to * * * J. W. Blair." That is:

"The defendant says that was the contract between Jones, Blair, and the bank; that they were to hold the money until January 1st. If the deed and abstract of title were deposited with them, approved by Blair's attorney, by January 1st, then they were to give N. E. Jones the $20,000. If they were not, then the $20,000 belonged to J. W. Blair; and that on January 3d, 1920, J. W. Blair and his attorney came into the bank and demanded that money, and demanded it in writing, and that the bank turned the $20,000 back to * * * J. W. Blair. If that was the contract with N. E. Jones, J. W. Blair, and the First National

Bank, that the * * * money was to be held until January 1, 1920, and the bank held it until January 1, 1920; and if the deed and abstract of title were not placed in the bank by that time, and the money was to belong to J. W. Blair, and if on January 3d, 1920, before the deed was deposited or tendered to the bank, and before the abstract of title was tendered to the bank, the bank gave that $20,000 on the 3d day of January to J. W. Blair—then, gentlemen of the jury, the plaintiff would not be entitled to recover."

It is insisted by appellant that this instruction was erroneous, in that it withdrew from the jury the consideration of evidence tending to show a waiver by Blair of the right to insist on a strict performance of the contract before or on January 1, 1920. To this insistence the appellee replied in argument that, if the instruction of the court was not clear, plaintiff should have asked for an explanatory charge; and, further, that there was no sufficient evidence to bring home to defendant, First National Bank, the knowledge of such waiver of the time limit, made the essence of the contract of escrow by the three parties interested therein.

When the whole of the oral charge is considered, no reversible error intervened. The respective theories of the parties litigant being duly stated, if we look to the evidence or tendency thereof, and on which plaintiff must rely to show notice or knowledge to the bank of Blair's waiver of the time limit for completion of the transaction between him and Jones, the evidence is not sufficient. Such tendencies of evidence are to be found only in the admission of Mr. J. A. Blunt of a conversation had with Mr. Jones' attorney, which did not amount to notice of a modification of the terms of the contract of purchase or of modification of the terms of the escrow. The court will not be put in error for giving an oral charge that was merely calculated to mislead, and could have been corrected by an explanatory charge. Rutledge v. Rowland, 161 Ala. 114, 49 South. 461, 12 Michie, Ala. Dig. 518, 519.

[9] The refusal of the charge requested by plaintiff in writing is as follows:

"If you believe from the evidence that the contract between Jones and Blair was to be performed within a reasonable time, and not by a fixed date, then I charge you that before Blair could rightfully have his money returned to him, it was his duty to demand performance of Jones of his part of the contract"

—was justified, in that it was misleading, and calculated to impress the jury that the bank had no right to repay the money to Mr. Blair, notwithstanding the failure of complainant to comply with the conditions of the escrow by January 1st, unless after such failure Blair had demanded performance by Mr. Jones of his part of the contract. We need not decide whether the charge would have been properly given if the suit had been be-

tween Mr. Jones and Mr. Blair. Where, however, it is sought to be maintained by Mr. Jones against the bank under the common counts, there was no duty on the part of the bank to show that such demand had been made by Mr. Blair to Mr. Jones before it had the authority to pay over the money to the proper party after January 1st, and after failure to deposit with the bank the deed and abstract in question, as required by the directions of the parties given when the money was left with the bank. We have shown that the bank's duty to the respective parties was definitely fixed by the terms of its agreement—to pay the money to Jones upon compliance with stipulated conditions on or before January 1st, or, on default by Jones, to return it to Blair. A more extended discussion of time as the essence of such contracts is found in Home Guano Co. v. Int. Agri. Corp., supra.

[10] Appellant insists that he was entitled to the affirmative charge upon the theory that, whether the contract was to be performed within a reasonable time, or on or before January 1st, there were duties resting upon both parties—Jones to deposit with the defendant a deed and abstract approved by Blair's attorney, upon which compliance defendant was to deliver to him the money deposited; Blair to complete his payment by the execution of the mortgage for the deferred purchase price. After all that may be said on this phase of the case, the right of recovery as to this defendant must be tested by the act and conduct of the party (Mr. Jones) who must perform the condition precedent, as touching defendant's duty within the time indicated, where time (as here) is made the essence of the contract. This breach rested upon Mr. Jones. It would not be said that Blair had breached his part of the contract as to execution of the evidence of security for the deferred purchase price, until full compliance by Mr. Jones as to approved abstract of title and a deed conveying the merchantable title to the lands, by deposit with the bank. Plaintiff's requested affirmative charge was properly refused.

[11] The seventy-second assignment of error is based upon the refusal of the court to give the following written charge:

"I charge you that, although you may believe that at the time the written contract in evidence, between Jones and Blair, was deposited with the defendant bank, that it was stated to Mr. Blunt, the president of said bank, by Blair, that the contract was to be performed by Jones not later than January 1, 1920, that this fact, if you believe it to be a fact, would not operate to change the said written contract from one which was to be performed within a reasonable time, to one which was to be performed not later than January 1st."

This charge attempted to assert that the oral agreement alleged by Mr. Blunt and other witnesses to have been made for his bank was not effective, as being in contravention of the terms of the contract of sale deposited with the bank. We have fully discussed this phase of the case, and are of opinion that the charge was properly refused in the suit by N. E. Jones against the First National Bank.

[12] The seventy-fourth assignment of error is based upon the refusal of the court to give the written charge requested by plaintiff as follows:

"If you are reasonably satisfied from the evidence that the contract between Jones and Blair was to be performed by the 1st day of January, 1920, and that if Jones did not place the deed and abstract to the property which was the subject of the contract in the defendant bank by January 1st, that Blair's money was to be returned to him, and if you are reasonably satisfied further from the evidence that after the 1st day of January, 1920, Blair treated the contract between himself and Jones as still existing, and if you are further reasonably satisfied from the evidence that the defendant bank knew or had knowledge of facts, if you find there were any, which if followed up, would have led to knowledge of the fact, if it was a fact that said Blair was after the 1st day of January, 1920, treating the contract between Jones and himself as still existing, then you should find a verdict for the plaintiff."

[13] On the hypothesized facts alone was sought an instruction of a verdict for the plaintiff. We have adverted to the extent of the testimony tending to show notice of the bank, if such there was, of Blair's treating the contract between Jones and himself, after January 1st, as existing, and that such evidence was insufficient to change the terms of the escrow agreement and the bank's duty to the respective parties thereunder. If there was such evidence, or the reasonable inferences to be deduced therefrom were such as is insisted upon by appellant, the court would not have been justified in usurping the power of the jury, by saying the plaintiff had proved the other facts necessary to entitle it to recover; that is to say, the court could not instruct the jury that Jones had made a deed conveying a good merchantable title. Under plaintiff's insistence, he was required by his contract to furnish a deed conveying a good and merchantable title, and there is no evidence to show he had done so. The effect of the evidence was that the abstract of title as presented by plaintiff's attorney to defendant's attorney was approved by the latter; yet the one offered in evidence and exhibited by this record shows an unsatisfied mortgage. If it were true that the mortgage to the Mabry Securities Company was in the possession of the plaintiff's attorney with "satisfaction" marked thereon, this fact did not tend to satisfy the abstract exhibited in evidence. Then, too, as insisted by appellee's counsel, the abstract of title exhibited by

the record was not brought down to date of the trial, if it had been shown to have been correct in the first instance. The charge was properly refused.

The other assignments of error are based upon the refusal of charges which are not necessary to be discussed in detail, but have been covered by foregoing discussion.

. It results that the judgment of the circuit court be, and is, affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.