LINCH, use, &c. v. McLEMORE, Adm'r, &c.

1. The certificate of a judge to the exemplification of a record of another State, that the attestation of the clerk" is in due form," is sufficient to admit such exemplification in evidence, notwithstanding the judge may not certify, *in so many words*, to the official character of the clerk.
2. Where a claim against the estate of S. F., is contested by his administrator, a judgment against S. F. sen. and S. F. jun., in favor of the plaintiffs, is sufficieni to establish the claim, unless a doubt is created, by proof adduced on the part of the administrator, as to the identity of the demand with either of the defendants to the judgment.

Error to the Orphans' Court of Montgomery. Before the Hon. Adam C. Felder, Judge.

THIS was an issue, made up in the orphans' court, on a demand presented and sworn to, as the statute requires, by plaintiff against the estate of Simeon Fuller, of which defendant was administrator, and which had been declared insolvent. The plaintiff, as proof of his demand, relied on a judgment, rendered in the superior court of Putnam county, in the state of Georgia, against Simeon Fuller, sen., Simeon Fuller, jun., and one Gabriel Harrison, and introduced an exemplification of the judgment, to which there appears a certificate of the judge, certifying, that the clerk, whose nome is attached to the preceding certificate, " is clerk of said court, and that his attestation as such is in due form, and full faith should be given to it as such."

There was no evidence as to whether the deceased was Simeon Fuller, sen., or Simeon Fuller, jun. The court rejected the exemplification, and judgment was rendered for the defendant. This action of the court is now assigned as error.

MAYS, for plaintiff in error.

The record from Georgia was authenticated according to the act of Congress. See Clay's Digest, 619; 13 Ala. 727; 2 ib. 310 . 8 Porter, 303; 3 Ala. 401, and 529; 1 Stewart, 543; 1 Stew. & Por. 49; 7 Port. 110.

" Junior" or " Senior," is no part of a man's name, but only descriptive of the person.  See 15 Pickering, 7, 9 ;  10 Mass. 203, 205; 1 Pick. 388 ; 7 Johns. 549 ; 6 Verm. 9; 3 Miss. 59; 12 Vermont, 39, 611; 9 Shephard, 171 ; 4 Monroe, 526 ; 3 Pike, 505.

If the defendant was sued by the wrong name, he should have objected by plea in abatement.

YANCEY, for defendant.

COLLIER, C. J.—There can be no doubt but the act of 1790, prescribes the mode in which the proceedings and judgment in a court of record of a sister state, shall be authenticated, so as to entitle it to be received as evidence in the courts of any other state.  This is conclusively shown by a comparison of the language of that statute, with the terms employed in the supplementary enactment of 1804, as well as the uniform practice and decisions of the courts of the different states, whenever a question has been raised.

The exemplification from the superior court of Georgia is regularly authenticated; although the judge does not certify, *in totidem verbis*, to the official character of the clerk, he affirms that his attestation is *in due form*, and this is all that is required ; these terms are sufficiently expansive in their import, to embrace every thing that is material.  Brown v. Adair, 1 Stew. & Port. Rep. 49, upon this point, has been followed as a correct exposition of the law.

In respect to the objection that two of the defendants to the judgment in Georgia are of the same name, but distinguished in the proceedings there as *junior* and *senior ;* and it was not shown to the orphans' court, whether either, and which one of their estates was administered on by the defendant ; it is enough to say that it was not incumbent on the plaintiff to have adduced evidence, in the first instance, that the judgment debtor and intestate, were the same person. True, proof showing this to be doubtful, might devolve upon the plaintiff the necessity of establishing their identity ; but until their identity is made doubtful, the plaintiff may rely upon his exemplification—verifying, if required, the justness

of his demand, as the statute directs. See Givens et al. v. Tidmore, 8 Ala. Rep. 745. The judgment of the orphans' court is reversed, and the cause remanded.