(98 South. 22)

**BUCKNER v. GRAVES et al. (6 Div. 513.)**

(Supreme Court of Alabama. Nov. 8, 1923.)

**1. Appeal and error ⬯655(2)—Bill of exceptions containing charges not necessarily stricken.**

Embracing charges in bill of exceptions, which should and do appear in the record proper, is not such gross violation of Circuit Court Rule 32 (Code 1907, p. 1526), as amended in 175 Ala. xxi, but that the court in exercise of its discretion may decline to strike the bill.

**2. Appeal and error ⬯655(2)—Matters incorporated in bill of exceptions by clerk without authority stricken on motion.**

Matters incorporated in a bill of exceptions by the clerk, after presentment and signature of the presiding judge, without authority or due instructions so to do, will be stricken on motion. Circuit Court Rule 32 (Code 1907, p. 1526).

**3. Exceptions, bill of ⬯23—Incorporation of matters of record in bill of exceptions is statement that they were in evidence.**

Where portions of a bill of exceptions, being records or substance thereof, are set out by order of the judge approving the bill with the formal statement that such records were offered in evidence, such incorporation is a sufficient statement that they were in evidence and were considered.

**4. Evidence ⬯44, 49—Judicial knowledge taken of commissioned officers, their terms and authority and signatures of clerks of courts.**

The court takes judicial knowledge of the several commissioned officers of the state, the terms of their office, extent of their authority, and signatures of clerks of the circuit courts.

**5. Appeal and error ⬯655(2)—Incorporation of matters of judicial notice not ground for striking bill of exceptions.**

Recitals in bill of exceptions of matters of which the court takes judicial notice would not render it subject to be stricken.

**6. Exceptions, bill of ⬯23—Motion to retax cost sufficiently identified in bill of exceptions.**

In action on security for costs in an election contest, recitals of motion to set aside and vacate the judgment and statement of names of witnesses and the amount of costs taxed for each authorized insertion in the bill of exceptions of that motion, and hence motion and judgment thereon were sufficiently identified in the bill to authorize setting them out.

**7. Evidence ⬯92—Party asserting negative has burden of proof.**

A party whose contention requires proof of a negative fact has the burden of proving it.

**8. Costs ⬯145—Under plea of not guilty plaintiff alleging negative has burden of proof.**

In action on security for costs in an election contest, where plaintiff's right to recovery was grounded on the negative allegation that defendants had failed to pay, and defendants pleaded not guilty, the burden assumed by plaintiff was not changed.

**9. Costs ⬯145—Affirmative charge proper, where evidence did not support negative averment.**

Where plaintiff, in action on security for costs in an election contest, averred that defendants had failed to pay the costs, and produced no evidence of such nonpayment, the affirmative charge for defendants should have been given.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action on security for costs in an election contest, by R. W. Buckner against W. E. Graves and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. B. Sloan, of Oneonta, and O. D. Street, of Guntersville, for appellant.

The embracing of improper matters in the bill of exceptions is no ground to strike the bill. 4 C. J. 226; L. & N. v. Hall, 131 Ala. 166, 32 South. 603; Woodward Co. v. Herndon, 130 Ala. 364, 30 South. 370. Payment is an affirmative defense, which must be specially pleaded and proved by the party asserting it. 9 C. J. 109; 9 Ency. Ev. 700.

Geo. W. Darden, of Oneonta, and B. M. Allen, of Birmingham, for appellees.

Records, documents, minute entries, etc., must be affirmatively shown to have been offered in evidence, to authorize their inclusion in the bill of exceptions. Code 1907, § 3018. The oral charge of the court, and written charges, given and refused, form no part of the bill of exceptions, and are improperly set out therein. Acts 1919, p. 268; Acts 1915, p. 815; Code 1907, § 3018; Diggs v. State, 77 Ala. 68; Petty v. Dill, 53 Ala. 641; Irby v. Kaigler, 6 Ala. App. 91, 60 South. 418. Matter written into the bill of exceptions by the clerk after presentment to and signature by the trial judge, without authority or instruction so to do, should be stricken. Rule 32, Code 1907, p. 1526; Wimberly v. State, 204 Ala. 629, 86 South. 902. An averment of the complaint that the debt or demand sued for is due and unpaid places the burden of proof on the plaintiff to show that said debt or demand is still unpaid, and absence of any proof on this subject entitles the defendant to the general affirmative

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

charge. 22 C. J. 70; W. U. Tel. Co. v. Brazier, 10 Ala. App. 308, 65 South. 95; Code 1907, § 5382, form 7; Nat. Surety Co. v. Citizens' Light, Heat & P. Co., 201 Ala. 456, 78 South. 834; Chitty's Pleading, 332.

THOMAS, J. The submission was on motion to strike the bill of exceptions, and on merits.

It is claimed by movants that the bill of exceptions violated provisions of section 3018 of the Code of 1907, p. 231, and rule 32 (circuit court), p. 1526, of the Code of 1907, as amended in 175 Ala. xxi. Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 South. 902.

[1] The motion contains grounds to strike the bill of exceptions because charges (given and refused) are embraced therein which should and do appear in the record proper. This action of appellant, out of an abundance of caution, did not render the bill of exceptions, as a whole, subject to be stricken. A proper motion would eliminate a surplusage and tax the costs of same against the offending party. A gross violation of the rule is not presented, and we exercise our discretion in declining to strike the bill of exceptions for embracing therein such redundant matter as the charges. Woodward Iron Co. v. Herndon, 130 Ala. 364, 30 South. 370; L. & N. R. R. Co. v. Hall, 131 Ala. 161, 166, 32 South. 603; Turner v. Thornton, 192 Ala. 98, 68 South. 813. The rule is not iron-bound. "Each case must be judged for itself." Long v. Seigel, 177 Ala. 338, 342, 58 South. 380, 381.

[2] It is established that matters incorporated in the bill of exceptions by the clerk (after presentment to and signature by the judge presiding at the trial), without authority and due instruction so to do, will be stricken on motion. Rule 32, p. 1526, of the Code of 1907; Wimberly v. State, 204 Ala. 629, 86 South. 90; Jones v. First Nat. Bank, 206 Ala. 203, 89 South. 437.

[3] Other grounds of the motion to strike the bill of exceptions are thus adverted to by appellees' counsel:

"Statement by counsel for appellant, set out in original bill of exceptions, as follows: 'The return of the sheriff showed that said notice with a copy of said petition, was served on R. W. Buckner on November 21, 1914,' without its being shown that this return was offered in evidence or that there was any evidence before the trial court and the jury of the fact of or contents of the return."

That is to say, where certain portions of a bill of exceptions (records or the substance thereof) are set out pursuant to the order of the judge approving the bill, without the formal statement that such records were offered in evidence, the incorporation of the same by such order of the judge is a sufficient statement that they were in evidence and were considered in arriving at the verdict or judgment from which the appeal is taken. 4 C. J. § 1839, p. 237.

[4, 5] The court takes judicial knowledge of the several commissioned officers of the state, the terms of their office, the extent of their authority, and the signatures of the clerks of the circuit courts of the state. Touart v. State ex rel. Callaghan, 173 Ala. 456, 56 South. 211; Ryan v. Young, 147 Ala. 660, 41 South. 954. Hence the recitals in the bill of exceptions that the clerk "kept a fee book and on page 584 appeared the following" (setting it out): that the entries were in the handwriting of the clerk "of said court," etc., were properly incorporated in the bill of exceptions. So, also, the recitals of the bill of exceptions were authorized: "The return of the sheriff showed that said notice with a copy of said petition was served personally on said R. W. Buckner on November 21, 1914," and "there was before the court at the hearing of this motion (to set aside the verdict and grant a new trial) the same evidence as was before the trial on the —— day of December, 1920, the court overruled said motion." Such matter did not render the bill of exceptions subject to be stricken on appellees' motion. The evidence adduced on the trial was in the breast of the court, and was considered by it in disposing of the motion. National Pyrites & Copper Co. v. Williams, 206 Ala. 4, 6, 89 South. 291.

[6] The original bill of exceptions recites and exhibits the motion to retax costs and to set aside and vacate the judgment for costs, and a part thereof was a list of the witnesses incorporated in the bill of exceptions. The recitals of the motion to set aside and vacate the judgment against defendants for costs on the grounds stated, and the statement:

"Attached to said motion and as a part thereof is a list of all the witnesses of contestee, R. W. Buckner, said list setting forth the name of each witness and the amount of cost taxed up by the clerk for each of said witnesses. Opposite the names of many of these witnesses is set out in said motion additional grounds for retaxing such witnesses' fees. These additional grounds were as follows: (1) 'Not challenged.' (2) Did not vote. (3) 'Not examined.' (4) 'Challenged by them.' (5) 'Voted for them.' (6) 'Knocked out by them.' (7) 'Overcharge.' (8) 'Not on poll list,' "

—authorized the clerk to insert in the bill of exceptions that motion and its exhibit of the names of the witnesses in question.

The motion and judgment thereon were sufficiently identified by the judge in the bill of exceptions to authorize the clerk to set the same out. Jones v. First Nat. Bank, 206 Ala. 203, 89 South. 437. The motion to strike the bill of exceptions is overruled.

The suit was by R. W. Buckner, on security executed by W. E. Graves et al., for the purpose of contesting an election. The complaint was in one count, and declared upon the obligation approved by the clerk; the

pleas were the general issue, and special pleas of no consideration and payment.

The record of the contest, judgment therein against contestants, security for costs declared upon, the clerk's fee book of costs taxed, subpœna docket and account fees proved up by the several witnesses as required by law, were admitted in evidence. So also the motion to retax costs, and the action of the court thereon, were properly before the jury as evidence. Verdict was returned for the defendants.

The complaint set out in hæc verba the obligation declared on, and averred (among other things) that the contest was—

"adjudged against the said W. E. Graves, and judgment rendered declaring plaintiff R. W. Buckner, elected sheriff of said county, and adjudging that the said W. E. Graves pay the costs of said contest, * * * that defendants have failed to pay the costs of said contest and that the same are now due and unpaid. * * * "

The right to recovery is grounded on the negative allegation (22 C. J. § 15, p. 70, § 23, p. 80) that defendants have failed to pay the costs of said contest.

[7] In this jurisdiction it is declared that the party whose contention requires proof of a negative fact has the burden of proving the same. Freeman v. Blount, 172 Ala. 655, 55 South. 293. This last-cited case said: "The doctrine of Givens v. Tidmore, supra [8 Ala. 745, 750, 751], is generally accepted by courts and text-writers." That rule is:

"It is a general rule that the party holding the affirmative of the issue must sustain it by proof, but there are some exceptions in which the proposition, though negative in its terms, must be proved by the party who states it. One class of these exceptions, it is said, includes those cases in which the plaintiff grounds his right of action upon a negative allegation, and where, of course, the establishment of this negative is an essential element in his case. But where the subject-matter of the negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor. So where the negative allegation involves a charge of criminal neglect of duty, whether official or otherwise; fraud, or wrongful violation of actual lawful possession of property, the party making the allegation must prove it. So where infancy is alleged, illegitimacy (under some circumstances), insanity, or death, where the presumption in favor of the latter cannot be indulged from lapse of time; the burden of proof is on the party making the allegation, notwithstanding its negative character." Givens v. Tidmore, 8 Ala. 745, 750, 751; Dinkins v. Latham, 202 Ala. 101, 104, 79 South. 493; Illinois Surety Co. v. Donaldson, 202 Ala. 183, 79 South 667; Daniel Drug Co. v. Collier Drug Co., 207 Ala. 308, 92 South. 895; W. U. Tel.

Co. v. Brazier, 10 Ala. App. 308, 65 South. 95; Pollak v. Winter, 166 Ala. 255, 257, 51 South. 998, 52 South. 829, 53 South. 339, 139 Am. St. Rep. 33.

In Pollak v. Winter, supra, the court said:

"As a general rule the burden of proving a negative averment is not upon the plaintiff, but this rule does not seem to prevail in actions upon an open account, as distinguished from a stated or uncontroverted one; and when suit is brought upon an open account the plaintiff does not overcome the burden by merely showing the rendition of service and the value of same, but must offer some proof that it was not paid for when rendered or when due."

[8] The burden of proof being upon the plaintiff to prove that the demand was unpaid—"failed to pay the costs of said contest and that the same are now due and unpaid"—and having failed to offer evidence of such nonpayment, defendants were not required to adduce such evidence. The defendants having pleaded, "Now come the defendants and for answer to the complaint, plead and say that they are not guilty of the matters and things as therein alleged," as well as payment, the burden assumed by plaintiff under the negative averment indicated was not changed.

[9] There being no evidence offered by the plaintiff of such nonpayment, the affirmative charge for defendants should have been given, and there was verdict and judgment for defendants. Cunningham Hdwe. Co. v. L. & N. R. Co., 209 Ala. 327, 96 So. 358. It is unnecessary to consider other assignments of error.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.