147 So. 687

### BEASLEY v. KOONCE.

8 Div. 646.

Court of Appeals of Alabama.

April 18, 1933.

Raymond Murphy and Fred S. Parnell, both of Florence, for appellant.

A. A. Williams and Mervin T. Koonce, both of Florence, for appellee.

BRICKEN, Presiding Judge.

This cause is here submitted on motion to strike certain parts of the bill of exceptions, and on merits.

The action is in assumpsit and based upon an alleged promissory note executed by one W. A. Ellis to plaintiff and indorsed by appellee. Appellee in said motion moves this court to strike from the bill of exceptions the note upon which this suit is based, on the grounds: (1) That said note was not incorporated in the bill of exceptions when same was signed by the presiding judge; (2) because said note was not properly described and identified, in the original bill of exceptions, and said bill of exceptions contained no blanks for the clerk to insert said note, and said original bill of exceptions did not contain a direction to the clerk to insert said note; and (3) because the clerk inserted said note in the transcript of the bill of exceptions after the same had been presented to and signed by the presiding judge, and without authority to so insert it. For like reasons and upon the same grounds motion is made to strike from

the bill of exceptions a certain indorsement on said note purported to be signed by appellee. Every prerequisite for the consideration of this motion has been complied with. Upon investigation we find that the allegations of the motion have been sustained by the undisputed proof submitted to this court, and this proof shows that the matters complained of were incorporated in the bill of exceptions, by the clerk, after presentment and signature of the presiding judge.

■ Circuit and Inferior Courts Rule 32, Code 1923, vol. 4, p. 905, provides the manner of preparation of bills of exceptions, and the duty rests upon appellant to see that the bill of exceptions conforms to the provisions of said rule. A bill of exceptions thus formulated is a formal statement in writing of exceptions taken by a party to the rulings, decisions, charges, or opinion of the trial judge, setting out the proceedings on the trial, the acts and rulings of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, together with the grounds therefor, and authenticated by the signature of the trial judge. Padgett v. Gulfport Fertilizer Co., 11 Ala. App. 366, 371, 66 So. 866. Matters incorporated in a bill of exceptions by the clerk, after presentment and signature of the presiding judge, without authority or due instructions to do so, will be stricken on motion. Buckner v. Graves, 210 Ala. 294, 98 So. 22; Mauney v. Electric Const. Co. et al., 210 Ala. 554, 98 So. 874: and cases cited. Appellee's motion to strike the purported note and the stated endorsements thereon must prevail, and it is so ordered. Under this status there appears no necessity to write specifically as to the several assignments of error for the judgment appealed from must be affirmed. We have, however, examined and considered said assignments, but find no reversible error in any of the rulings of the court complained of therein.

Affirmed.