### ROBINSON v. STATE ex rel. JAMES.
### (2 Div. 859.)

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied Jan. 28, 1925.)

**1. Appeal and error ☞1008(1)—Judgment of court trying case without jury, based on testimony taken in court's presence, not disturbed, unless clearly wrong.**

Judgment of court trying case without jury, based on testimony of witnesses orally examined in court's presence, should not be disturbed on appeal, unless clearly wrong.

**2. Physicians and surgeons ☞5(1)—Certificate of qualification required.**

The treatment of diseases of human beings is a profession which cannot be practiced without certificate of qualification from state board of medical examiners, under Code 1923, §§ 2836–2872.

**3. Physicians and surgeons ☞5(1) — Chiropractor's treatment of rheumatism held "treatment of disease"; "chiropractics."**

Chiropractor's treatment of patient for rheumatism held "treatment of a disease" within Code 1923, §§ 2836–2872, 5191, prohibiting persons from engaging in the profession of treating "diseases" of human beings without certificate of qualification from the state board of medical examiners, since "chiropractics" has been defined as "a system of healing that treats diseases by manipulation of the spinal column," and since rheumatism is a "disease."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Chiropractic-Chiropractor; Treatment.]

**4. Quo warranto ☞55—Defendant in quo warranto had burden of proving authority to practice medicine.**

In quo warranto by the state under Code 1923, §§ 9932, 9933, to exclude defendant from practicing profession of treating diseases of human beings, without a license, in violation of sections 2836–2872, 5191, defendant had burden of proving that he was authorized to practice such profession by proper certificate or license; proof of such facts being peculiarly within his knowledge.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Quo warranto proceeding by the State of Alabama, on the relation of Joseph H. James, as Solicitor of the Fourth Judicial Circuit of Alabama, against James A. Robinson. From a judgment excluding defendant from practicing the profession of treating diseases of human beings, defendant appeals. Affirmed.

Craig & Craig, of Selma, for appellant.

Unless defendant was treating or offering to treat diseases of human beings, he could not be guilty of intruding into the profession; the ailments shown to have been treated were not diseases in contemplation of law. Code 1923, § 5191; 18 C. J. 1139; Meyer v. Fidelity & Casualty Co., 96 Iowa, 378, 65 N. W. 328, 59 Am. St. Rep. 374; Merriam v. Hamilton, 64 Or. 476, 130 P. 406; Ill. Masons' Benev. Soc. v. Winthrop, 85 Ill. 537; Higbee v. Guardian Mut. L. I. Co., 66 Barb. (N. Y.) 462.

Joseph H. James, of Greensboro, Sol. Fourth Judicial Circuit, for appellee.

Chiropractics is a system of treating disease. 11 C. J. 758; Towne v. Eisner, 245 U. S. 418, 38 S. Ct. 158, 62 L. Ed. 372; Edinburgh S. T. Co. v. Torbain, 3 App. Cas. 58; 34 Cyc. 1761.

MILLER, J. This is an action in the nature of a quo warranto, instituted in the name of the state of Alabama by Hon. Jo-

seph H. James, as solicitor of the Fourth judicial circuit of Alabama, against James A. Robinson, charging him with intruding into the profession of treating or offering to treat diseases of human beings, which profession requires a license or certificate, and without having obtained a license or certificate of qualification from the state board of medical examiners of the state of Alabama. The petition was filed by the solicitor under subdivision 1 of section 9932, Code 1923, and was filed in accordance with the written directions of Hon. S. F. Hobbs, Judge of the Fourth judicial circuit of Alabama, as is permitted and provided by section 9933 of the Code of 1923. The defendant filed general denial of the charges. The court on the hearing from the evidence found the defendant guilty as alleged in the petition; that the state was entitled to the relief prayed for, and by judgment excluded and prohibited the defendant from practicing such profession. The defendant appeals from this judgment, and it is the error assigned and argued.

[1] The court without a jury tried the cause. The witnesses were all examined orally in his presence. His judgment based on such evidence should not be disturbed, unless clearly wrong. Finney v. Studebaker, 196 Ala. 422, 72 So. 54; Thompson v. Collier, 170 Ala. 469, 54 So. 493; Bell v. Blackshear, 206 Ala. 673, 91 So. 576.

The relator in the application for the writ of quo warranto avers—

"that James A. Robinson in said county of Dallas, since the 18th day of August, 1924, has intruded into the profession of treating or offering to treat diseases of human beings (a profession requiring a license, or certificate or other legal authorization within this state), without having obtained a certificate of qualification from the state board of medical examiners of the state of Alabama, or the license required by law, and is still unlawfully practicing said profession in Dallas county, Ala."

The defendant, James A. Robinson, by his answer denied the foregoing averments or charges.

There were four witnesses examined; three of them testified in substance that defendant had treated them for pains or aches in the head, neck, or back or hips by placing them on a table in his office, massaging the back with his hands, and thus "manipulated the spinal column," for which each paid him from $1.50 to $2 for each treatment, and that he gave them no medicine and did not prescribe for them, and that they had no diseases that they knew of; that the treatment relieved the pain, and invigorated the patient. One witness testified he was "affected with rheumatism," and received this treatment from the defendant for bad feeling or "these little pains."

The defendant had an office in the Albert Hotel, in the city of Selma, Dallas county, Ala., which he had maintained since August 18, 1924, with the following sign on the glass door, "Dr. James A. Robinson, Chiropractor, single adjustments $2.00." The evidence showed the witnesses examined were patrons of the defendant, and were treated in that office since August 18, 1924, by him.

The defendant offered no evidence, and the foregoing was the substance of the evidence before the court.

[2] This action may be brought in the name of the state against the party offending, when that person intrudes into any profession requiring a license or certificate or other legal authorization within this state. Section 9932, Code 1923. The treatment of diseases of human beings in this state is a profession, calling for and requiring a certificate of qualification from the state board of medical examiners before the person can practice the profession. Article 1, chapter 52, vol. 1, p. 1279 (Code 1923, §§ 2836–2872), and authorities cited in note. Any person who treats or offers to treat diseases of human beings in this state by any system of treatment whatsoever, without having obtained a certificate of qualification from the state board of medical examiners, is guilty of a misdemeanor. Section 5191, Code 1923, and authorities cited in note.

Did the defendant treat or offer to treat diseases of human beings as charged in the application or petition? It appears from the evidence that the defendant is a chiropractor, and that he offered his services as such to the public, and treated human beings with that system. "A chiropractor is one who practices the system of chiropractics." 11 Corpus Juris, p. 758, h. n. 88. "Chiropractics" is defined in 11 Corpus Juris, 758, as follows:

"A system of healing that treats diseases by manipulation of the spinal column; the specific science that removes pressure on the nerves by the adjustment of the spinal vertebræ. There are no instruments used, the treatment being by the hand only."

One witness testified that he had rheumatism; and from his testimony it is evident that he was being treated by the defendant for it. Rheumatism is a disease. In 34 Cyc. p. 1761, "Rheumatism" is defined as "an acute general disease, variable and shifting in character, attacking the joints, with marked tendency to involve the heart." Mr. Webster defines it "as a constitutional disease, which may be acute, subacute, or chronic, manifesting itself in a variety of morbid states, and characterized chiefly by pains of various types."

It is unlawful for any person to treat, or offer to treat, by any system of treatment whatever, diseases of human beings in this state without having obtained a certificate of qualification from the state board of medical

examiners. Section 5191, Code 1923, and authorities cited in note.

[3] It is obvious from this evidence that this defendant, since August 18, 1924, was practicing the profession of treating diseases of human beings, and did treat diseases of human beings by the chiropractic system in Dallas county, as charged in the petition by the state, and the trial court was correct in so concluding and holding.

The state alleges in its application that the defendant "intruded into this profession * * * without having obtained a certificate of qualification from the state board of medical examiners of the state of Alabama or the license required by law, and is still unlawfully practicing said profession in Dallas county, Ala."

The bill of exceptions purports to set out and contain all the evidence before the trial court on the issue between the parties. There is no evidence in the bill of exceptions as to whether or not defendant is an "intruder into the profession" or whether or not he obtained a certificate of qualification or license from the medical board, and there is no evidence showing he is still unlawfully practicing said profession in Dallas county. The evidence in the bill of exceptions is silent on these averments in the petition or application. He is practicing that profession in Dallas county, but is he doing so "unlawfully," as an intruder, without certificate of qualification, without license from the state medical examiners, as the petitioner alleges?

[4] There is no proof to sustain these averments. The proof of these facts is peculiarly within the knowledge of the defendant, and when the state proves acts done by the defendant, which he is prohibited by statute from doing, unless he has authority by certificate or license to do the acts, then the burden of showing the authority by proper certificate or license is shifted to the defendant. Givens v. Tidmore, 8 Ala. 745; Montgomery v. State, 107 Ala. 372, 18 So. 157; State v. Foster, 130 Ala. 154, 30 So. 477. The state by proof showed the defendant, since August 18, 1924, was practicing a profession, treating, or offering to treat, diseases of human beings, in Dallas county. The statutes require that he should have, before doing so, procured a certificate of qualification from the state board of medical examiners of Alabama. After this proof was made by the state, the burden then shifted upon the defendant to show a lawful authority to practice this profession. This he failed to do; he offered no evidence; and the trial court properly entered a judgment of exclusion and prohibition against him. Montgomery v. State, 107 Ala. 372, 18 So. 157; State v. Foster, 130 Ala. 154, 30 So. 477; Givens v. Tid-

more, 8 Ala. 745; Buckner v. Graves, 210 Ala. 294, 98 So. 22.

The judgment is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.