(106 So. 852)

**CUMMINGS v. STATE ex rel. BIGGS, Solicitor. (1 Div. 377.)**

(Supreme Court of Alabama. Dec. 17, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Quo warranto ⟶41 — Petition to exclude defendant from practicing medicine without a license properly filed by state solicitor.**

In quo warranto by state, under Code 1923, § 9932, to exclude defendant from practicing profession of treating diseases of human beings without a license, petition was properly filed by solicitor for state under subdivision 1, under written direction of circuit judge as permitted by section 9933.

**2. Appeal and error ⟶1078(1)—Errors assigned but not argued in brief are waived.**

Errors assigned, but which are not argued or insisted on in brief of appellant, are waived.

**3. Physicians and surgeons ⟶5(1) — Certificate of qualification required.**

Treatment of diseases of human beings is a profession which cannot be lawfully practiced by a person without a proper license or certificate of qualification, in view of Code 1923, §§ 2836–2872, and·5191.

**4. Quo warranto ⟶49—Original petition to exclude defendant from practicing medicine without a license held not demurrable.**

In quo warranto by state, under Code 1923, § 9932, subd. 1, and section 9933, to exclude defendant from practicing profession of treating diseases of human beings without a license, original petition averring that defendant intruded into profession of treating or offering to treat diseases of human beings *held* not demurrable.

**5. Quo warranto ⟶53—Amended petition in suit to exclude defendant from practicing medicine without a license held not demurrable.**

In quo warranto by state, under Code 1923, § 9932, subd. 1, and section 9933, to exclude defendant from practicing profession of treating diseases of human· beings without a license, amended petition that defendant intruded into profession of treating or offering to treat diseases of human beings by chiropractic system, or did treat or offer to treat diseases of human beings as a chiropractor, a profession requiring a license or certificate, *held* not demurrable.

**6. Physicians and surgeons ⟶5(1)—Evidence held to show that defendant was in profession of a "chiropractor."**

Evidence *held* to show that defendant, in practicing profession of treating diseases of human beings, was in profession of a "chiropractor," who is defined as one who practices system of chiropractic.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Chiropractic—Chiropractor.]

**7. Quo warranto ⟶55—State made prima facie case, and defendant had burden of proving authority to practice chiropractic.**

In quo warranto by state, under Code 1923, § 9932, subd. 1, and section 9933, to exclude defendant from practicing profession of treating diseases of human beings without a license, state, by proving that defendant had practiced profession of treating diseases of human beings by chiropractic system, established a prima facie case, and cast on defendant burden of showing authority by proper certificate or license to practice such profession, as proof of those facts are peculiarly within his knowledge.

---

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Quo warranto by the State of Alabama, on the relation of Leonard S. Biggs, its Solicitor, against Ormand K. Cummings. From a judgment for petitioner, defendant appeals. Affirmed.

McMillan & Grove, of Mobile, for appellant.

The complaint does not state the act or omission complained of with sufficient particularity. Code 1923, § 9040; L. & N. v. State 154 Ala. 156, 45 So. 296; State ex rel. Johnson v. So. B. & L. Assn., 132 Ala. 51, 31 So. 375. If on any aspect of the case the jury could reasonably infer defendant's innocence, the general charge was improperly given for the petitioner. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

Leonard S. Biggs, of Monroeville, for appellee.

Both the original and amended petitions contained sufficient allegations, and the demurrer was properly overruled. Wideman v. State, 213 Ala. 170, 104 So. 440, 441. Code 1923, § 9513; Jackson v. State ex rel., 143 Ala. 146, 42 So. 61. The alternative averments of the petition are not inconsistent. 11 C. J. 756; Robinson v. State, 212 Ala. 459, 102 So. 693. One who practices chiropractic treatment for reward comes within the statute regulating those who treat or offer to treat human beings. Code 1923, § 5191; Smith v. State, 8 Ala. App. 352, 63 So. 28; Ex parte Smith, 183 Ala. 116, 63 So. 70; Bragg v. State, 134 Ala. 170, 32 So. 767, 58 L. R. A. 925; Ex parte Wideman, supra; Robinson v. State, supra. The burden shifted to the defendant to make proof that he had a proper certificate or license, failing which the affirmative charge was properly given for the state. Montgomery v. State, 107 Ala. 372, 18 So. 157; State v. Foster, 130 Ala. 154, 30 So. 477; Robinson v. State, supra.

---

⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

214 ALA.—14

MILLER, J. [1] The state of Alabama by its solicitor of the Twenty-First judicial circuit, Leonard S. Biggs, institutes this proceeding against Ormond K. Cummings. It is an action in the nature of a quo warranto, charging Cummings with intruding into the profession of treating diseases of human beings, which requires a license or certificate of authorization, and which he did not obtain from the state board of medical examiners. This petition was filed by the solicitor for the state under subdivision 1, section 9932, Code 1923, under written direction from Hon. John D. Leigh, judge of the Twenty-First judicial circuit, as is permitted by section 9933, Code 1923. Robinson v. State, 212 Ala. 459, 102 So. 693. The defendant filed general denial of the petition. The cause was tried by a jury; they returned a verdict in favor of the state, and from a judgment thereon by the court, excluding him from practicing this profession, this appeal is prosecuted by him.

[2] There are 16 errors assigned; only three are argued and insisted on in brief of appellant, and the others are thereby waived, so we will consider only the three urged as errors. L. & N. R. R. Co. v. Jones, 211 Ala. 158, headnote 3, 99 So. 919; A. & St. A. B. Ry. Co. v. Knight, 211 Ala. 213, headnote 9, 100 So. 233.

The court overruled demurrers of the defendent to the original petition. Section 2 thereof, at which the demurrer was directed, reads as follows:

"The relator gives the court further to understand and be informed, and does aver, that Ormond K. Cummings, in said county of Baldwin, Ala., and since the 18th day of August, 1924, has intruded into the profession of treating or offering to treat diseases of human beings [a profession requiring a license, or certificate or other legal authorization within this state], without having obtained a certificate of qualification from the state board of medical examiners of the state of Alabama, or the license required by law, and is still unlawfully practicing said profession in Baldwin county, Ala."

That part of the statute applicable under which petitioner is proceeding states:

"When any person * * * intrudes into * * * any profession requiring a 'license or certificate or other legal authorization within this state."

[3] The treatment of diseases of human beings in this state is a profession, and this profession cannot be lawfully practiced by a person in this state without a proper license or certificate of qualification. Article 1, c. 52, vol. 1, p. 1279, Code 1923; section 5191, Code 1923; Robinson v. State, 212 Ala. 459, 102 So. 693.

[4] The petition avers Cummings intruded into the profession of treating or offering to treat diseases of human beings in Baldwin county, Ala. This clearly shows the profession he is practicing, and it avers he is an intruder therein, that a license or certificate of qualification to practice this profession from the state board of medical examiners is required, and that he has not obtained this certificate or license. This is sufficiently definite and certain, and the court did not err in overruling demurrers to the original petition. Section 9932, Code 1923; Jackson v. State, 143 Ala. 146, 42 So. 61; Ex parte Wideman (Wideman v. State) 213 Ala. 170, 104 So. 441; Robinson v. State, 212 Ala. 459, 102 So. 693.

Before the cause was submitted to the jury, the state, by its solicitor, by leave and under order of the court, amended the petition by striking out the foregoing section 2 and inserting in lieu thereof the following:

"That relator gives the court to further understand and be informed, and does aver, that Ormond K. Cummings, in said county of Baldwin, Ala., and since the 18th day of August, 1924, has intruded into the profession of treating or offering to treat diseases of human beings by a system of treatment known as the chiropractic system, or did treat or offer to treat diseases of human beings as a chiropractor, a profession requiring a license or certificate or other legal authorization within this state, without having obtained a certificate of qualification from the state board of medical examiners of Alabama, or the license required by law, and is still unlawfully offering to treat disease of human beings, by said above named system, in Baldwin county, Ala."

[5] The defendant demurred to the petition as thus amended, and the demurrers were overruled by the court.

It is true there are in this amendment two distinct disjunctive averments, as follows:

"Has intruded into the profession of treating or offering to treat diseases of human beings by a system of treatment known as the chiropractic system or did treat or offer to treat diseases of human beings as a chiropractor, a profession requiring a license or certificate."

But each alternative averment distinctly designates with certainty the profession— treating or offering to treat diseases of human beings. This petition as amended, when considered as a whole, sufficiently designates the profession he was practicing, the intrusion by him into it, that a certificate or other legal authorization within the state is required to practice it, and he has not obtained from the state board of medical examiners of Alabama a certificate or the license required by law.

This court, in construing this statute on demurrer to the petition filed under it in Jackson v. State, 143 Ala. 147, 42 So. 62, wrote:

"In proceedings of this character, particularly of averment in the information as to the functions, powers, etc., exercised, is not required, and it is sufficient to aver in general terms, designating the particular office, the usurpation, intrusion into, and unlawful holding

of the same. 17 Ency. Pl. & Pr. pp. 457, 458, 450."

This petition as amended is not subject to the demurrers of defendant, and the court did not err in overruling them. Authorities, supra.

The petitioner requested in writing, and the court gave, the general affirmative charge with hypothesis in favor of the state, which reads as follows:

"Gentlemen of the jury, if you believe the evidence in this case you must find defendant guilty as alleged in the petition.".

There was evidence that since August 18, 1924, the defendant lived in a house in Fairhope in Baldwin county, Ala., and in front thereof was this sign, "Ormond K. Cummings, Chiropractor"; and that in a newspaper published in Fairhope, the defendant had this advertisment inserted therein in each issue between August 18, 1924, and January 30, 1925:

"Dr. Ormond Cummings, Chiropractor. Office hours 8:30 a. m. to 3:30 p. m.; 6:00 p. m. to 8:00 p. m. Fels Ave., near Bay View St. Phone—Home 522. Examination free."

This petition was filed January 31, 1925. Mrs. Lowell testified that she went to his place, consulted him about August 20, 1924; she took about 30 treatments, beginning August 20, 1924, and took the treatments thereafter every day for a week, and then every other day, and the treatments ran into the middle of September, 1924. She paid him $1.25 for each treatment. She was suffering at the time with pains in her body and in her back, and he treated her with his fingers and used electricity on her spine, adjusting her spine with his hands.

Mrs. McKenzie testified she was, during the months of September, October, and November, 1924, suffering in her body; she was in a nervous condition, and went to the defendant for treatment. He examined her, did not tell her what the trouble was, but gave her spinal adjustments by manipulating her spine with his hands, and these treatments were given her by him for this trouble every week or two from August 18th to the middle of November, 1924, and he charged her $1.25 for each adjustment, and in these treatments he also used electricity or an electric instrument of some kind, and he vibrated it up and down her spine. These treatments of Mrs. Lowell and Mrs. McKenzie were given by the defendant in Baldwin county, Ala. This was, in substance, all of the evidence of the state. The defendant did not testify and offered no evidence.

[6] It is clear from the evidence, and without dispute, that the defendant was in the profession of a chiropractor. "A chiropractor is one who practices the system of chiropractics." 11 C. J. p. 758, headnote 88.

Chiropractics is thus defined in 11 Corpus Juris, 758:

"A system of healing that treats disease by manipulation of the spinal column; the specific science that removes pressure on the nerves by the adjustment of the spinal vertebræ. There are no instruments used, the treatment being by the hand only. The word is coined from two Greek words 'chiro' and 'practocas,' signifying something done with the hands."

[7] It is clear and undisputed that defendant has since August 18, 1924, practiced this profession of treating diseases of human beings by the chiropractic system in Baldwin county, Ala., and he is prohibited by statute from so doing unless he has authority by certificate or license to do the acts. Authorities, supra. When the foregoing acts are shown by the state, they make out a prima facie case against him, and cast on him the burden of showing authority by proper certificate or license to practice that profession, as the proof of these facts is peculiarly within his knowledge. The state, by undisputed proof, met the burden placed on it, made out a prima facie case, and shifted the burden of proof onto the defendant. He offered no evidence, and the trial court properly gave the foregoing affirmative charge with hypothesis in favor of the state to the jury. Robinson v. State, 212 Ala. 459, 102 So. 693, and authorities, supra.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.