## FERGUSON v. STATE ex rel. ACTON et al. (7 Div. 644.)

(Supreme Court of Alabama. June 17, 1926. Rehearing Denied Nov. 11, 1926.)

**1. Quo warranto ⟨Key⟩49—Complaint against unlicensed physician in language of statute held sufficient (Code 1923, §§ 2836–2872, 9932–9944).**

In action in nature of quo warranto against one charged with treating human diseases without license or certificate, required by Code 1923, §§ 2836–2872, complaint in language of statute (sections 9932–9944) *held* sufficient.

**2. Quo warranto ⟨Key⟩63—Security for costs held not impaired by omission of relator's name.**

That relator's name was not on security for costs, in action in nature of quo warranto against unlicensed physician, *held* not to impair security, security approved on instituting proceeding being effective for all purposes.

**3. Quo warranto ⟨Key⟩53.**

Amendment of complaint or information, in action in nature of quo warranto against unlicensed physician, by adding additional parties plaintiff and relators *held* authorized by Code 1923, § 9513.

**4. Quo warranto ⟨Key⟩63.**

Amendment of complaint or information, in action in nature of quo warranto against unlicensed physician, by adding additional parties plaintiff and relators *held* not to necessitate additional security for costs.

---

**5. Quo warranto ⚷➡56—Original relator's motion to dismiss suit against unlicensed physician held not to work discontinuance nor entire change of parties.**

Motion by original relator to dismiss suit in nature of quo warranto against unlicensed physician *held* not to work discontinuance nor entire change of parties, though sufficient as withdrawal of relator from suit; state being proper party plaintiff throughout, and security for costs originally filed furnishing defendant full protection.

**6. Physicians and surgeons ⚷➡2.**

Code 1923, §§ 2836–2872, requiring certificate of qualification to treat human diseases, does not violate state or federal Constitutions.

**7. Trial ⚷➡139(1).**

Where plaintiff established prima facie case and defendant offered nothing to contrary, affirmative charge for plaintiff was properly given.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Quo warranto by the State of Alabama, on the relation of W. H. Acton and others, against M. R. Ferguson. From a judgment for relator, defendants appeal. Affirmed.

E. O. McCord & Son, of Gadsden, for appellants.

An amendment effecting an entire change of parties and substituting a new and independent cause of action has the effect of a voluntary dismissal of the original suit. Steele v. Booker, 205 Ala. 210, 87 So. 203; Ashby Brick Co. v. Ely, 151 Ala. 272, 44 So. 96; Rarden Mer. Co. v. Whiteside, 145 Ala. 617, 39 So. 576. This is not permissible. Vinegar Bend L. Co. v. Chicago Co., 131 Ala. 411, 30 So. 776; Davis, etc., R. Co. v. Mallon, 57 Ala. 168; Ex parte Collins, 49 Ala. 69; W. R. of Ala. Co. v. McCall, 89 Ala. 375, 7 So. 650. The giving of security for costs by the relator before commencement of suit is a condition precedent to maintenance of the prosecution. Little v. State, ex rel., 137 Ala. 640, 34 So. 620; Taylor v. State, 31 Ala. 386; State ex rel. v. Cahaba, 30 Ala. 66. The statute creating the offense is unconstitutional. Dreyfus v. Montgomery, 4 Ala. App. 270, 58 So. 730; Ala. P. S. Comm. v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A. L. R. 872.

Hood & Murphree, of Gadsden, for appellee.

The amendment of the information was authorized. West End v. State ex rel., 138 Ala. 295, 36 So. 423. The information was sufficient. Robinson v. State ex rel., 212 Ala. 459, 102. So. 693. The constitutionality of the statute has been upheld. Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L. R. A. 925.

GARDNER, J. [1] This is an action in the nature of a quo warranto (sections 9932–9944, Code of 1923), instituted in the name of the state on relation of one Ed. Robinson against M. R. Ferguson, charging him with intruding into the profession of treating or offering to treat diseases of human beings without having obtained a license or certificate of qualification therefor, as required by statute (sections 2836–2872, Code of 1923). The complaint followed the form adopted by the pleader in the case of Robinson v. State, 212 Ala. 459, 102 So. 693, which, in turn, followed the language of the statute. We think it sufficient, and the demurrer thereto was properly overruled.

[2] Upon the filing of the complaint there was also filed security for the costs, which was duly approved. While the name of Robinson, the relator, is not found on said security, this fact does not impair the security and, indeed, no objection upon this ground was interposed. The security approved upon instituting the proceeding was effective for all purposes.

[3] Subsequently, the complaint or information was amended by adding others as parties plaintiff and relators. This amendment was authorized by the statute. Section 9513, Code of 1923; Union Naval Stores Co. v. Pugh, 156 Ala. 369, 47 So. 48.

[4] The motion to strike the amendment and dismiss the cause was properly overruled. Nor did the amendment necessitate any additional security for costs. That given at the institution of the proceedings was effective throughout and uninfluenced by subsequent amendment. West End v. State, 138 Ala. 295, 36 So. 423.

[5] Thereafter Robinson, the original relator, as an individual and as relator, moved a dismissal of the suit. Conceding this was sufficient as a withdrawal of Robinson from the suit, such motion did not work a discontinuance nor entire change of parties. The state all along was a proper party plaintiff, and the security for costs originally filed furnished defendant full protection. The sufficiency of the security given by the relators, added by amendment, need not be considered, as the original security sufficed for all purposes.

[6] Special pleas, demurrers to which were sustained, set up, in varying form, the defense that the statute requiring certificates of qualification of those who undertake to treat human diseases is violative of both the state and federal Constitution. The case of Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L. R. A. 925 (cited in Wideman v. State, 213 Ala. 170, 104 So. 440), and the authorities therein noted, is a complete answer to this contention and fully sustains the ruling of the court below. Further discussion of the question here is unnecessary, in view of these authorities.

[7] That the evidence for the plaintiff was

⚷➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sufficient to establish against defendant a prima facie case is not seriously questioned. The defendant offered nothing to the contrary, and the affirmative charge for the plaintiff was properly given.

We have here considered the several matters treated in brief of counsel for appellant, and, finding no reversible error, the judgment of the trial court will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.