(111 So. 37)

**FRUTIGER v. STATE ex rel. DAVIS, Sol.**
(6 Div. 714.)

(Supreme Court of Alabama. Jan. 13, 1927.)

**1. Quo warranto ⚖49—Complaint in quo warranto proceedings to exclude unlicensed chiropractor from treatment of human diseases held sufficient (Code 1923, §§ 2837, 9932, subd. 1).**

Complaint in proceedings to exclude chiropractor from exercising profession of treating diseases of human beings under Code 1923, § 9932, subd. 1, because of failure to secure certificate of qualification required by section 2837, *held* sufficient.

**2. Physicians and surgeons ⚖2—Statute requiring license by chiropractor held not objectionable because limited to treatment in accordance with his school (Code 1923, §§ 2837, 2839).**

Code 1923, § 2837, requiring chiropractor to have certificate of qualification to treat diseases of human beings *held* not objectionable on ground that certificate so issued is limited by section 2839 to treatment in accordance with his particular school; such limitation being in accordance with his methods of treatment, and his examination for certificate being also limited in same manner.

**3. Physicians and surgeons ⚖2—Statute requiring chiropractor's examination for certificate held not unconstitutional as "unreasonably discriminatory" (Code 1923, § 2837).**

In action for exclusion of chiropractor because of failure to comply with Code 1923, § 2837, requiring certificate for treating human diseases, statute *held* not unreasonably discriminatory or violative of any constitutional provision because of its requirement that examination be taken on some subjects not needed in practice of particular school.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Undue and Unreasonable Discrimination.]

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Quo warranto proceeding by the State on the relation of Jim Davis, Solicitor of the Tenth Judicial Circuit to exclude E. C. Frutiger from treating diseases of human beings. From a judgment for petitioner, respondent appeals. Affirmed.

The complaint is as follows:

"The state of Alabama, on relation of Jim Davis, as its solicitor of the Tenth judicial circuit of Alabama, gives the court here to understand and to be informed as follows:

"(1) That your relator is the solicitor of the Tenth judicial circuit of Alabama, and has been duly ordered and directed by a judge of said circuit court, Tenth judicial circuit of Alabama, to institute this proceeding, which order is on file in the office of the clerk of said court.

"(2) That relator gives the court further to understand and be informed, and does aver, that E. C. Frutiger in said county of Jefferson, since the 18th day of August, 1924, has intruded into the profession of treating, or offering to treat, diseases of human beings (a profession requiring a license, or certificate or other legal authorization within this state), without having obtained a certificate of qualification from the state board of medical examiners of the state of Alabama, or the license required by law; and is still unlawfully practicing said profession in Jefferson county, Ala.

"Wherefore, the premises considered, your relator prays:

"(1) That process may issue as provided by law, requiring and commanding the said E. C. Frutiger to show by what warrant or authority he is practicing said profession.

"(2) That the said E. C. Frutiger be excluded from said profession, and be prohibited from practicing same in Jefferson county, Ala., until he shall have complied with the law.

"(3) That all such other, further, and different orders and process be made and issued by the court, as the statute in such cases provides, and that your honor will grant unto your relator such other, further, and different relief as the nature of the case may require."

Respondent demurred to the complaint upon these grounds:

"First. It is vague, uncertain, and indefinite.

"Second. It fails to set forth, except by way of conclusion, that defendant is treating or offering to treat diseases of human beings.

"Third. It fails to allege or show the particular certificate of qualification, from the state board of medical examiners of the state of Alabama, that defendant failed to acquire or obtain.

"Fourth. It is not alleged or shown in what manner or way or according to what school or science defendant is treating or offering to treat diseases of human beings.

"Fifth. The license or certificate of qualification that is alleged respondent has not obtained is not set out with sufficient certainty or definiteness."

Drennen & Burns and Thomas Dozier, all of Birmingham, for appellant.

Mechanotherapy, as used in the statute, does not apply to or include appellant's profession, and no certificate is required of him. Brooks v. State, 88 Ala. 127, 6 So. 902. The statute under which appellant is proceeded against is void. Zeigler v. S. & N. A. R. Co., 58 Ala. 594; Crook v. Newborg, 124

Ala. 479, 27 So. 432, 82 Am. St. Rep. 190; 298 Ill. 304, 131 N. E. 809, 16 A. L. R. 703. The complaint is subject to the demurrer.

Jim Davis, Sol., and Frank M. Dixon, Deputy Sol., both of Birmingham, for appellee.

It is not necessary to allege the branch or school of treatment that appellant was engaged in practicing. Wideman v. State, 213 Ala. 170, 104 So. 440; Cummings v. State, 214 Ala. 209, 106 So. 852; Robinson v. State, 212 Ala. 459, 102 So. 693. The practice of chiropractic is a treatment of diseases such as is included in the medical Practice Acts. Authorities, supra; Williamson v. State, 16 Ala. App. 392, 78 So. 308; Belding v. State, 214 Ala. 380, 107 So. 853; Harris v. State, ante, p. 56, 109 So. 291. The Legislature has the authority, under the police power of the state, to prescribe the qualifications and mode of examination of applicants to practice the profession of treating diseases of human beings. Bragg v. State, 134 Ala. 170, 32 So. 767, 58 L. R. A. 925; Fealy v. City of Birmingham, 15 Ala. App. 367, 73 So. 299; Smith v. State, 8 Ala. App. 352, 63 So. 28.

GARDNER, J. Action in the nature of quo warranto, brought in the name of the state against respondent (appellant here) for the purpose of excluding him from the exercise of his profession of treating, or offering to treat, diseases of human beings. Section 9932, subd. 1, Code 1923.

[1] The complaint was sufficient, and the demurrer interposed thereto properly overruled. Donovan v. State (Ala. Sup.) 109 So. 290;[1] Cummings v. State, 214 Ala. 209, 106 So. 852; Ex parte Wideman, 213 Ala. 170, 104 So. 440.

Chiropractors are required by law to have a certificate of qualification to treat diseases of human beings. Section 2837, Code of 1923; Harris v. State, ante, p. 56, 109 So. 291. In this latter case it was said:

" 'Chiropractus' is specially named as one of the schools of 'mechanotherapy' in whose favor all educational qualifications are waived except a diploma showing graduation from such school. The subjects upon which the applicants are examined are limited. Code, § 2837. The certificate entitles the holder to treat in accordance with the teachings of his 'school' or 'sect.' Code, § 2839."

[2] The foregoing sufficiently answers the argument here made on the construction of the statute by reason of the use of the word "mechanotherapy" therein, and which needs no further comment. Nor can sound objection be made to the statute in that the certificate so issued to the chiropractor is limited to treatment in accordance with his school. His examination is likewise limited, and the limitation of his certificate as prescribed by the statute is in accord with his methods of treatment.

[3] It is further insisted the statute is unreasonably discriminatory in requiring examination upon some subjects which are not needed in the practice of this particular school. We think the following language of the court in State v. Marble, 72 Ohio St. 21, 73 N. E. 1063, 70 L. R. A. 835, 106 Am. St. Rep. 570, 2 Ann. Cas. 898, is directly applicable in response to this insistence:

"To admit that a practitioner may determine what treatment he will give for the cure of disease, and that the state may examine him only respecting such treatment would be to defeat the purpose of the statute and to make effective legislation of this character impossible."

To like effect see Germany v. State, 62 Tex. Cr. R. 276, 137 S. W. 130, Ann. Cas. 1913C, 477, and other authorities cited in note to People v. Love, 298 Ill. 304, 131 N. E. 809, 16 A. L. R. 703.

It is averred in the answer that the medical board for examination of applicants is not sufficiently skilled and competent to pass upon the proficiency of one in respondent's line of work, and that the members thereof are prejudiced against it, and that certificate could not therefore be obtained, though there is no allegation that respondent has ever presented himself for examination. The argument in support of these averments is addressed, however, to a wholly anticipated unfair administration of the law, and in no manner affects the validity of the law itself. The statute here assailed was enacted under the police power of the state in promotion of the public health, and has been upheld in previous decisions of this court. Harris v. State, supra; Ex parte Wideman, supra; Wideman v. State, 20 Ala. App. 422, 104 So. 438.

In the recent case of Ferguson v. State (Ala. Sup.) 110 So. 20,[2] it was urged that the statute was violative of several provisions of the Constitution, both state and federal, but these insistences were held to be without merit. A further discussion, in view of these authorities, is not considered unnecessary.

We entertain the view the statute is not unreasonably discriminatory or violative of any constitutional provision.

That the evidence for the plaintiff was sufficient to establish against defendant a prima facie case is not seriously questioned. The defendant offered nothing to the contrary, and the affirmative charge with hypothesis was properly given.

The assignments of error argued by counsel for appellant have been duly and carefully considered. We find no error, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

[1] Ante, p. 56.

[2] Ante p. 244.