(119 So. 652)

**McMILLAN v. STATE ex rel. BIGGS, Sol.**
**(1 Div. 497.)**

Supreme Court of Alabama.   Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

Hybart & Hare, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., and L. S. Biggs, of Monroeville, and S. F. Hobbs, of Selma, for appellee.

GARDNER, J.   █   This is a proceeding in the nature of quo warranto, under subdivision 1 of section 9932, Code of 1923, to exclude respondent from unlawfully practicing the profession of dentistry.   The proceedings were properly brought, under the direction of the circuit judge, in the name of the state, upon the relation of the solicitor in his official capacity.   Donovan v. State, 215 Ala. 55, 109 So. 290; Frutiger v. State, 215 Ala. 451, 111 So. 37; Fraser v. State, 216 Ala. 426, 113 So. 289; Cummings v. State, 214 Ala. 209, 106 So. 852; Robinson v. State, 212 Ala. 459, 102 So. 693.

█   The first two assignments of error relate to rulings on demurrer to the petition. The demurrer is set out in the record, but no ruling thereon appears.   The presumption is

indulged that the demurrer was abandoned. These assignments of error are without foundation in the record, and present no ruling for review. Fraser v. State ex rel. Biggs, supra.

It is next insisted reversible error was committed in giving the affirmative charge with hypothesis at the request of the state. That the respondent was actively engaged in the practice of dentistry in Monroe county was well established by the proof and not denied. To engage in the practice of dentistry, a certificate or license, as it is interchangeably called, must be obtained from the board of examiners (sections 325–357, Code of 1923) which is recorded. "Such license or certificate so recorded and certified shall be evidence of authority of the person therein named to practice dentistry." Section 332, Code of 1923.

Under the provisions of section 326, Code of 1923, persons registered or licensed as dentists under the laws of the state of Alabama prior to August 31, 1915, are entitled to continue in the practice of said profession, "unmolested by the provisions of this chapter." Under the Act of 1911 (Gen. Acts 1911, p. 122), however, a like certificate or license was required to be obtained from the board of examiners and duly recorded as under the above-noted Code provisions.

Upon proof of the practice of dentistry by respondent, as hereinabove noted, the burden shifted to respondent to show the authority by proper certificate or license. This was a matter peculiarly within his knowledge. Robinson v. State, 212 Ala. 459, 102 So. 693.

The same rule is applicable to the exception noted in section 326, supra. This was likewise a matter resting peculiarly within respondent's knowledge, and constituted a negative averment of the petition unnecessary to be proven by the state. Several authorities of this court relating to questions of this character are noted in Folmar v. State, 19 Ala. App. 435, 97 So. 768. There was no error in giving for the state the affirmative instruction as requested.

Respondent offered in evidence a license issued by the probate judge of Monroe county "to transact business as dentist at Beatrice," which was excluded by the court, and this ruling constitutes the remaining question here for determination. As we have herein noted, a license or certificate of the board of examiners is essential as authority to practice dentistry in this state, and it is not insisted that the license offered served as authority to that end. Respondent filed in the cause several pleas to the effect that he had a license to practice dentistry in Alabama, and insists that, as issue was taken upon these pleas, the proof of the license issued by the probate judge and offered in evidence was relevant in support of said pleas.

But the pleas are to be construed in the light of the issues presented by the petition, and with the legal provisions in reference thereto kept in view. The license offered was clearly issued as a revenue license only, and bore no relation to the question of authority for one to practice dentistry under certificate issued by the board of examiners.

Under the language of section 3875, Code of 1923, it is made a misdemeanor for one to receive a license to practice dentistry without having first obtained the certificate of the examining board, and it is also made a misdemeanor for one to practice dentistry without such certificate. See, also, section 3876, Code of 1923. We think these pleas are therefore to be properly construed as having reference to a license issued in accordance with the law and not in violation thereof. So construed, the evidence was properly excluded.

We find no error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.