189 So. 198

**WILKEY et al. v. STATE ex rel. SMITH.**

**6 Div. 394.**

Supreme Court of Alabama.

March 30, 1939.

Rehearing Denied May 4, 1939.

Further Rehearing Denied June 8, 1939.

---

[1] 237 Ala. 166.

Lange Simpson & Brantley and Herbert
J. Ward, all of Birmingham, for appel-
lants.

Geo. R. Stuart, Jr., and Marvin Woodall, both of Birmingham, for appellee.

ANDERSON, Chief Justice.

This is a statutory quo warranto under Paragraph (1) of Section 9932 of the Code of 1923. The count or amended information charges that the respondents engaged in practicing law without a license. The respondents by pleas 1 and

2 set up the general issue or denial of the allegations and the trial court sustained demurrer to these pleas. In this, there was error.

■■ The gravamen of the charge was the unlawful practice of law. If they did not practice law as charged, they would not be guilty, whether they had a license or not, and unless this fact was established the respondents were entitled to a judgment and they had the right to interpose a general denial to the main charge upon which the case hinged. As we understand the rule, when a charge of this character is made, the respondents have the right to interpose a general denial and thus put upon the relator the burden of proving the thing or things charged as the usurpation. On the other hand, if the respondents admit the act, but rely upon a right or justification, they should interpose a special defense setting up their right or authority to do the act or things charged. So also, when the relator proves the acts or things charged as a usurpation or violation of the right or franchise, the burden of justification by license, title or authority is upon the respondents. To hold that the respondents can not make a general denial of the damnifying acts charged as violating the law or authority of the respondents would have the effect of placing upon them a special denial and the burden of establishing a negative. People, on the relation of Taylor and others v. Thompson and others, 16 Wend., N.Y., 655; People Ex Rel. Attorney-General v. Leland Stanford et al., 77 Cal. 360, 18 P. 85, 19 P. 693, 2 L.R.A. 92; State of Mississippi v. Brown & Johnston, 34 Miss. 688.

Indeed, this court has held, and properly so, in analogous cases, such as practicing medicine or dentistry without a license or certificate, that the burden of proof was on the relator to show that the respondent was practicing medicine or dentistry and, when this was done, the burden was shifted to the respondent to show his right or authority by a proper license or certificate. McMillan v. State ex rel. Biggs, Sol., 218 Ala. 602, 119 So. 652; Robinson v. State ex rel. James, 212 Ala. 459, 102 So. 693; Berk v. State ex rel. Thompson, 225 Ala. 324, 142 So. 832, 84 A.L.R. 740; Lehman v. Shiver, 129 Ala. 318, 29 So. 698. To like effect was the holding in Montgomery v. State ex rel. Enslen, 107 Ala. 372, 18 So. 157, 160, wherein the opinion recites: "The denial of the respondent that he held the office, and his further denial that he had or was then exercising its powers and privileges, imposed upon the state to make good these averments of facts. Legal evidence was introduced on the part of the state, and which was not controverted, fully sustaining the averments. Having introduced evidence that the respondent was holding and exercising the powers and duties of a civil office of profit under the state, the burden then devolved upon the respondent to show a lawful authority."

This case does not hold that the respondents could not make a general denial of doing the improper acts charged. It only dealt with the burden of proof. Nor do the other cases cited and relied upon by the appellee deprive the respondents of the right to deny the improper acts charged.

The case of State ex rel. White v. Citizens Light & Power Co. et al., 172 Ala. 232, 55 So. 193, is not opposed to the present holding as the court there held the plea of the general issue was available and not subject to demurrer. There is perhaps a misleading expression and inapt reference to the Montgomery case, supra, in the opinion, but which was merely an arguendo concession made to the argument and contention of counsel.

Nor are the cases Michael v. State ex rel. et al., 163 Ala. 425, 50 So. 929, and West End v. State ex rel. etc., 138 Ala. 295, 36 So. 423, in conflict with the present holding as there was no controversy as to holding the office or exercising the authority complained about.

After the trial court improperly sustained the demurrer to the respondents' pleas of the general issue, they attempted to set up facts by special pleas to show that their business and duties did not involve the practice of law, thus, in effect, assuming the burden of showing that they had not engaged in the practice of law when the burden was upon the relator to prove this fact had the trial court not improperly eliminated the respondents' defense of a general denial. The trial court sustained the demurrer to all of the special pleas, but error is insisted upon by appellants only as to plea 13.

■■ We are of opinion that the demurrer was properly sustained to respondents' plea 13. Said plea adopts all of

the averments of plea 9, and adds averments showing that they are independent licensed insurance adjusters. Taking the averments of said plea most strongly against the pleader, as must be done on demurrer, they show that the respondents are not employees of the "Several Casualty and Fire Insurance Companies and Liability Carriers" "in the ordinary sense," nor are they "in privity" with said insurance companies and liability carriers, within the meaning of Act No. 493, approved July 20, 1931, Gen.Acts 1931, p. 606.

The facts so pleaded rather show that the respondents are engaged in the insurance adjustment business representing a regular clientele.

"To be a privy to another, a man must claim by or under that other, by blood, as heir, by representation, as executor, or by contract, as vendee, assignee, and the like." Crutchfield's Heirs and Adm'r v. Hudson, 23 Ala. 393, 400; Patton et al. v. Pitts et al., 80 Ala. 373, 376; 50 C.J. 407; Interstate Electric Co. v. Fidelity & Deposit Co. of Md., 228 Ala. 210, 153 So. 427.

The facts pleaded in said plea 9, adopted by plea 13, showing that the respondents "settled such claims for physical injury or property damage sustained by such parties from such accident or fire," contravenes the statute defining the practice of law. Gen.Acts 1931, p. 606; Berk v. State ex rel. Thompson, supra.

Nor can the judgment of the trial court be justified upon the idea that the averments of the special pleas should be taken as evidential facts that respondents had practiced law. These special pleas had been removed by the demurrer of the relator, and the question presented is one of law not of fact.

The judgment of the court in so far as it undertakes to lay down rules defining the practice of the law clearly went beyond the scope of the pleadings.

For the error noted the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.